# Hill v. The State.

## Murder.

(Decided May 31st, 1906.   41 So. Rep. 621.)

1. *Homicide; Self Defense; Duty to Retreat.*—Where it appears that accused could have retreated and thus avoided taking deceased's life, or could have overcome the deceased' otherwise than by taking his life, no necessity for taking life existed, and there is no room for self defense.

2. *Same; Evidence; Admissibility.*—On the issue of whether or not defendant acted in self defense, it was permissible for the state to show that deceased's feet had been amputated, and that he could not stand still without holding to something, but could remain upright as long as he was walking; it having already been shown that deceased was without fire arms and had not exhibited any weapon during the difficulty.

3. *Same.*—It is permissible to show, in a prosecution for murder, by witnesses who examined the body, where the body was, when they saw it, and the nature and charater of the wounds on it; together with their appearance and location.

4. *Criminal Law; Evidence; Demonstrative Evidence.*—Where it was shown that deceased's feet had been amputated and that he walked upon the stubs, it was proper to allow the boots worn by deceased introduced in evidence for the purpose of giving an idea as to the condition of decedent's feet.

5. *Same; Trial; Evidence; Objection; Sufficiency.*—It being competent to show condition of decedent's feet, the solicitor asked a witness to state if there was anything the matter with the feet of decedent, objection to the question was overruled, and witness answered, that when decedent was a little child he had

[Hill v. The State.]

his feet so badly burned as to cause him to be badly crippled. Motion was made to exclude the answer. Held, part of the answer being competent, and the motion going to the whole of the answer, it was properly overruled.

6. *Same; Harmless Error; Erroneous Admission of Evidence.*—Under Sec. 4333, Code 1896, this court will not reverse a cause for the erroneous admission of evidence when the court is satisfied that no injury resulted.

7. *Criminal Law; Evidence; Opinions.*—A non-expert witness may testify as to the character of the wounds found by him upon his examination of the body of decedent.

8. *Same; Appeal; Harmless Error; Erroneous Admission of Evidence.*—Where the undisputed evidence was that deceased was killed by defendant with a knife, and that deceased was cut under the left shoulder and in the left side of the breast, if it was error to permit a non-expert witness to testify that there was a wound on the body of deceased which appeared to have been made with a knife on the left shoulder blade, it was cured by Sec. 4333, Code 1896.

9. *Same; Evidence; Conclusion of Fact.*—The question of whether or not decedent was joking when he made a certain statement, was not objectionable as calling for a conclusion.

10. *Same; Harmless Error; Erroneous Admission of Testimony.*—If it was error to permit a question as to whether decedent was or was not joking when he made a certain statement, it was rendered harmless by the answer of the witness, that he did not know whether decedent was joking or not.

11. *Same; Trial; Instructions; Refusing Instructions Cured by Instructions Given.*—Where the refused requested charge is covered by requested instructions given, the refusal to give such instruction is not error.

12. *Same; Instructions; Omission of Facts.*—An instruction not hypothesized upon the materiality of the facts falsely and intentionally sworn to, which asserts that the jury, in weighing the testimony of any witness, may look to the facts in evidence, if there are any, to show that the witness has sworn falsely and intentionally about any fact in the case, is erroneous.

13. *Same; Argumentative Instructions; Reasonable Doubt.*—A charge asserting that a reasonable doubt is such a doubt as will cause a careful prudent man to hesitate before he acts, and that, if there is any such doubt in the minds of any one juror, accused must be acquitted, is argumentative and properly refused.

[Hill v. The State.]

14. *Same.*—A charge asserting that the jury may look to the evidence showing that decedent was carrying a pistol and saying that he would do some one harm, in connection with the other circumstances in the case, in determining whether decedent made demonstrations indicating a purpose to take the life of defendant, was argumentative, and assumed as a fact certain things, and was properly refused.

15. *Witnesses; Cross Examination.—Discretion of Court.*—It was in the discretion of the trial court to permit or not a question to be asked, on cross examination, as to how far witness lived from home of father of deceased.

APPEAL from Marshall Circuit Court.

Heard before HON. W. W. HARALSON.

Cleveland Hill was tried and convicted of manslaughter. The facts upon which the opinion is rested sufficiently appear therein.

The following written charges were requested by the defendant, and refused: "(B) The court charges the jury that in weighing the testimony of any witness you will look to all the facts and circumstances in evidence, including any evidence, if any, tending to show that such witness has sworn falsely intentionally about any fact in the case. (C) The court charges the jury that a reasonable doubt is such a doubt as would cause a careful, prudent man to hesitate before he acts; and if there is any such doubt in your minds, or in the minds of any one juror, you must acquit the defendant or have a mistrial. (D) It was unlawful conduct on the part of John Henson to have a pistol concealed about his person and to talk of killing somebody before the sun went down, if he did so have said pistol and have said talk. * * * (F) The fact, if it be a fact, that the deceased had a pistol concealed about his person, is a circumstance to which the jury may look, in connection with all the other facts and circumstances in evidence, in determining the issue in this case. (G) The fact that the defendant had cartridges in his pocket, if he had cartridges in his pocket, together with such language as may have been shown by the evidence, in connection with all the facts and circumstances in evidence, in determining whether the defendant is guilty or not. * * * (1) The jury have the

[Hill v. The State.]

right to look at the evidence tending to show that the deceased was carrying a pistol about his person and making threats of doing some one harm before the sun went down, in connection with all the other circumstances in .evidence, in determining whether. or not the deceased made demonstration indicating a purpose of taking the life of the defendant, or of .doing him some grievous bodily harm.".

JOHN A. LUSK, for appellant.—Articles of dress in no wise involved in the acts of the defendant are not proper for the consideration .of the jury.—2 Elliott on Evidence, § 1228. Whether the deceased did stand still or not and how long he had been in that condition could shed. no light on any of the issues involved. The fact that he had been a cripple ever since he had been a baby had no tendency to illustrate whether the deceased provoked or brought on the difficulty.—*Griffith v. The State*, 9 Ala. 583. A non expert witness cannot testify as to the character and direction of the wound or the character of the instrument.—82 Ala. 32; I Mayfield, p. 322. Nearness or remoteness to Mr. Henson's house shed no light on the truthfulness of the witness.—*Henry v. The State*, 79 Ala. 42. Charges B. and E. should have been given.—*Edmondson v. Anniston ·City Land Co.* 128 Ala. 589; 117 Ala. 142; 125 Ala. 106. Hughes' Instruction To Jury, § 217, 218. Charge C. should have been given.—*Carter v. State*, 40 So. Rep. 82. Charges F. and I. correctly state the law as applicable to the fact in this .case. Charge H. is a correct. statement of the rule. of self-defense.—*Sherrill v. State*, 138 Ala. 3; *DeArman v. State*, 71 Ala. 351; *Deal v. State*, 136 Ala. 52; *Kennedy v..State*, 140 Ala. 1; *McClellan v. State*, 140 Ala. 99; 5 Mayfield's Dig. p. 866,. par. 40; 1 Mayfield Dig. .p. 801, par. 17 1-2.

MASSEY WILSON, Attorney General, for the State.— (No brief came to the reporter.)

DENSON, J.—The indictment charges manslaughter in the first degree. From a judgment of conviction the defendant appealed.

[Hill v. The State.]

· The killing occurred on a Sunday afternoon in June, 1904. The defendant, and others, all barely grown and hardly in the 20's had been attending singing exercises at Mobb's Schoolhouse. After the exercises were over they congregated in the road near the schoolhouse and engaged in "friendly scuffles and play," out of which grew the unfortunate difficulty in which the deceased lost his life at the hands of the defendant. The deceased was a cripple. In his infancy his feet were so badly burned that his toes and the front part of his feet were of necessity amputated, leaving him only stubs to walk on. He wore boots that indicated the shape of his stubs —the condition of his extremities; and the evidence tended to show that he could not, without holding to something, be still while standing erect, but that he would walk and remain erect so long as he was moving. Some of the evidence tended to show that defendant stabbed the deceased once while deceased was retreating from the defendant, and that defendant overtook him, while the defendant's evidence tended to show that he was retreating and the deceased was pursuing him. There was evidence which tended to show self-defense, and the defense relied on was essentially that of self-defense. The appellant's counsel has made an assignment of errors on the record, and we shall consider the cause for the most part with respect of the errors assigned.

Evidence showing the condition of the deceased's feet, and the admission of the boots as evidence, was allowed over the objection of the defendant, and his motion to exclude the evidence was overruled. These rulings of the court against the defendant were excepted to and are presented for review by the grounds in the assignment of errors numbering 1 to 13, inclusive, and 28, 29, and 38. "The test of the relevancy of the evidence," it is said by Wharton, is "whether it conduces to the proof of a pertinent hypothsis; a pertinent hypothesis being one which, if sustained, would logically influence the issue."—1 Wharton on Ev. § 20. And Elliott, in his work on evidence, says: "As a general proposition it may be said that any evidence that tends in any reasonable degree to establish the probability or improb-

ability of a fact in issue, no matter how slight its weight may be, is relevant."—Elliott on Ev. §§ 144, 145, 147; *Whitaker's Case*, 106 Ala. 30, 17 South. 456; *Governor v. Campbell*, 17 Ala. 566, 574. In this case the important and turning issue on the trial was whether the defendant, in taking the life of the deceased, did so in self-defense, as it is defined by law.

An important inquiry in respect of this issue was as to the necessity for taking the life of the deceased. It must have been an imperious necessity, and if the defendant could have avoided the taking of life by retreating, it cannot be said in law that such necessity existed, nor could it be said to exist if the defendant could have overcome the deceased otherwise than by taking his life. The tendency of the state's evidence was that the deceased was without firearms, and none of the evidence, tended to show that he ever exhibited firearms or weapons of any kind during the difficulty. Suppose the deceased had been without legs, could it be doubted for a moment that evidence of the fact would have been relevant for the purpose of showing that the defendant could have easily escaped injury at his hands by keeping out of his way? Or, suppose the deceased had been a man of perfect and powerful physique, it could not be doubted under the tendencies of the evidence for the defendant in this case, that this fact would have been comptent as tending to support the theory of self-defense—that a necessity existed for defendant to resort to a deadly weapon on account of the deceased's superior manhood.

Kerr on Homicide, § 437. In *Gunter's Case*, the defendant was prosecuted for an assault with intent to murder, and the injured party, who was examined as a witness, was allowed to testify that he was shot by the defendant. The court said: "This was a pertinent inquiry, as tending to show the relative conditions of the parties at the time of the assault."—*Gunter's Case*, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17. It seems to us that the condition of both parties, deceased and the defendant, was of the res gestae of the killing; and, if age of a party is competent evidence, for a much stronger reason, it would seem to us, should be evidence that

one of the parties had no feet. This, in line with the state's evidence and theory, would tend to rebut any inference of great danger of death or of bodily harm to the defendant from the deceased. We are sure it is within the range of common knowledge that a man without feet has not the same power or rapidity of locomotion as one not so afflicted.

There is nothing in the case of *Griffith v. State*, 90 Ala. 583, 8 South. 812, to support the defendant's contention. There the defendant was tried for the murder of an infant, and it was sought to prove declarations of a midwife as to the condition of the infant. The court said the midwife should have been called to prove the fact, if relevant; that her statements were not part of the res gestae. Nor is the citation by the appellant from Mr. Elliott's work on Evidence (§ 1228) in point. The case cited by. Mr. Elliott was one in which a husband had sued a railroad company for damages for the death of his wife, and it was held error to allow the introduction in evidence of a photograph of the wife, who appeared to be a handsome woman.—*Smith v. Leigh Valley R. Co.* 117 N. Y. 379; 69 N. E. 279. The appearance of the wife was not an issue in the case and could not have shed any light on the negligence *vel non* of the defendant. We are of opinion that the court's ruling on the evidence with respect to the deceased's physical condition are free from error. Nor do we think there was error in allowing the boots of the deceased to be introduced in the evidence. They were shown to be in the shape of the deceased's "stubs" on which he walked, and were worn by him at the time he was killed. This was object evidence, and perhaps conveyed to the jury a clearer idea of the deceased's condition than mere verbal description by witness could.

But appellant insists that proof of the fact that deceased was a baby when the misfortune that deprived him of his feet occurred, and how it occurred, was wholly irrelevant, and calculated to mislead and unduly prejudice the jury against him. The argument is that it was sentimental. Without determining the relevancy or admissibility of the evidence, we think the court's ac-

tion may be justified on a well-established rule of evidence. The solicitor's question which drew out the evidence was as follows: "State if there was anything the matter with deceased's feet." To the question objection was made on the grounds that it called for facts irrelevant and immaterial, and which would not tend to shed any light on the issues in controversy. The objection being overruled, the witness answered that "when deceased was a small child he had his feet so badly burned causing him to be very badly crippled." We have seen that the condition of the deceased was competent and relevant evidence, so the objection was properly overruled. The motion to exclude went to the entire answer. A part of it at least was competent; hence the motion was properly overruled, and all the answer properly remained as evidence. The witness, after testifying to other relevant facts in regard to deceased's condition, was askd by the solicitor: "How long had he been this way?" To the question objection was made and overruled. The witness answered: "Ever since he was a baby." Now, if it should be conceded that the answer was open to the motion to exclude, yet we have seen that this evidence, substantially, had been given by this witness. It was before the jury without proper motion to exclude, and, if there was error in overruling this last motion to exclude, we are satisfied it was error without injury.—Code 1896, § 4333.

It was competent to prove, by witnesses who examined and dressed the body of deceased, where and when they first saw the body, that it had wounds on it, the appearance and location of the wounds. Hence, there is no merit in exceptions to the court's ruling with reference to evidence of this nature and covered by the grounds numbered 14, 15, 16, 17, 18, 19, 20 and 21 in the assignment of errors.

Witness Charley Lowery, who examined the body of the deceased, testified that "there was a wound which appeared to have been made with a knife in the left breast of the deceased; looked like the knife blade struck and was immediately withdrawn, being stuck straight in." He further testified: "There was a cut made on

the left shoulder of the deceased, just under the shoulder blade, with a knife." Objection was made to this evidence on the ground that the witness was not an expert or competetnt to testify to the character of the wounds examined and found by him. We think the evidence was properly admitted, and the case of *Fuller v. State*, 117 Ala. 36, 23 South. 688, is directly in point, both on the admissibility of the evidence and on the further proposition that, if it should be conceded that there was error in admitting it, under the statute (Code 1896 § 4333) we would not feel justified in reversing the case on this point. The undisputed evidence showed that the killing was done by the defendant with a knife, and that the deceased was cut in the left side of the breast and under his left shoulder. There was no effort on the part of the witness to state the direction from which the blows were delivered as was done in the *McKee Case*, 82 Ala. 32, 2 South. 451, cited by the appellant, and that case is not in point.

Witness Frank Hipps, for the defendant, testified that about an hour before the difficulty he saw deceased with some pistol cartridges in his hands, and heard him say, with reference to them, "that he had some capsules; that he did not know but what some of the boys might want some, and, by God, he would have them ready." On cross the solicitor was permitted to ask the witness if deceased was not joking when he said this. This question called for a collective fact, and not a conclusion. Moreover the answer to the question was harmless. The witness stated that he did not know whether he was joking or not; that he used the language stated.

The state, on cross-examination and against the defendant's objection, was permitted to ask the defendant's witness, Willie York, and two other witnesses, how far they lived from Mr. Henson, the father of deceased. If it be conceded that the question called for irrelevant and immaterial evidence, yet it was a question on cross-examination and one which was within the discretion of the court to allow.—*Noblin's Case*, 100 Ala. 13, 14 South. 767; *Amos Case*, 100 Ala. 70, 14 South. 878; *Tobias v. Treist & Co.* 103 Ala. 664, 15 South. 914; *Rhodes*

*Furniture Co. v. Weeden & Dent,* 108 Ala. 252, 19 South. 318; *Stoudenmeire v. Williamson,* 29 Ala. 558; *Martin's Case,* 104 Ala. 71, 16 South. 82. For the same reason there was no error in permitting the solicitor to ask the witness McClure, "when he told Mr. Hill, defendant's father, about witness finding the pistol." Nor in allowing the solicitor to ask the defendant on cross-examination to "name one or two to whom he showed the knots on his head." And upon the same authorities and considerations, we hold there was no error in allowing the solicitor to ask the defendant where he stayed at night while at Skidmore's.

The objection to the argument of the solicitor is without merit.—*Cross' Case,* 68 Ala. 476; *Hobbs' Case,* 74 Ala. 39; *Motes v. Bates,* 74 Ala. 374; *Cunningham's Case,* 117 Ala. 59, 23 South. 693.

This brings us to the consideration of written charges refused to the defendant. It is conceded by appellant that refused charge A is a duplicate of given charge, hence the court was under no duty to give charge A.—1 Mayfield's Dig. p. 174, § 209.

Charge B is bad for not hypothesizing the materiality of the fact falsely and intentionally sworn to. In the case cited by appellant the fact or facts referred to were stated in the charge, and were material.

It is here insisted that charge C, refused to the defendant, should have been given, and the case of *Carter v. State,* (Ala.) 40 South. 82, is relied on to support the insistence. The charge is a copy of the one involved in that case, and with the exception that the word "such" is inserted before the word "doubt," thus exempting the charge from the particular criticism that was made on the charge in the *Carter Case.* It is true that the court in that case simply said of the charge (5) that it "was properly refused, as it was hypothesized on 'any doubt' in the minds of the jury, and not on a reasonable doubt." The criticism was sufficient to condemn the charge and answered the purpose of the court on that occasion; but it does not follow that the charge was free from other vices. The charge might well have been condemned for the further reason that it was argumentative. And the

[Hill v. The State.]

charge in its amended form, as it appears here, must be condemned as being argumentative.—*Amos' Case,* 123 Ala. 50, 26 South, 524; *Neville's Case,* 133 Ala. 99, 32 South. 596; *Roger's Case,* 117 Ala. 9, 22 South. 666; *Bowen's Case,* 140 Ala. 65, 37 South. 233; *Spraggin's Case,* 139 Ala. 93, 35 South. 1000; *Smith's Case,* 137 Ala. 22, 34 South. 396.

Charges D, F, and I were arguments, and were properly refused. Charge G, besides being argumentative, is elliptical, and was properly refused.

George Henson was the only witness for the state that the evidence tended to show concealed the pistol and cartridges, or attempted to suppress or hide any fact connected with the case. In charge 21 for the defendant, he received full benefit of the proposition announced by refused charge E. Charge 21 was even more pointed, in that it named the witness, and the court was under no duty to give charge E.

Refused charge H was substantially given in charges 4 and 9, and, without determining whether the charge is, or not, vicious, the court was under no duty to give the charge.—1 Mayfield's Dig. p. 174, ; 209.

We have found no error, and the judgment appealed from is affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.