142 So.2d 10

**Eldridge BEAVERS, as Administrator, etc.**

v.

**Ural BOYKIN.**

**6 Div. 676.**

Supreme Court of Alabama.

May 10, 1962.

Rehearing Denied June 14, 1962.

**414**

D. G. Ewing, Birmingham, for appellant.

London, Yancey, Clark & Allen and Bibb Allen, Birmingham, for appellee.

SIMPSON, Justice.

Appellant brought suit against appellee for damages sustained by appellant's intestate (Elzetta Kidd) as a result of a collision between an automobile owned and operated by one Louis Davis and the automobile of appellee, which was being operated by his agent or employee, and in which appellant's intestate was riding as a guest of appellee. The case was submitted to the jury on the complaint, as amended, which charged appellee with wanton misconduct, in that his agent or employee, while acting within the line and scope of his employment as such agent or employee wantonly injured appellant's intestate by wantonly driving the automobile of appellee upon or against the automobile of one Davis.

The jury returned a verdict in favor of appellee and the trial court rendered judgment on such verdict. From this judgment, this appeal is taken.

Appellant assigns as error the refusal of the trial court to give the following written charge requested by appellant:

"1. The court charges the jury that if you are reasonably satisfied from the evidence in this case that any witness in this case has wilfully or intentionally sworn falsely as to any material fact in this case, you are authorized in your sound discretion to disregard and ignore the entire testimony of that witness."

It is axiomatic that a case will not be reversed on the refusal of a requested charge where the same principle of law is substantially covered in the court's oral charge. Such a refusal must be found, after an examination of the entire cause, to have probably injuriously affected the substantial rights of the parties. Title 7, § 273, Code 1940; Helms v. State, 254 Ala. 14, 47 So.2d 276; Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75.

Here the court charged as follows:

"Now gentlemen, it is the duty of the jury to attempt to reconcile the testimony of all the witnesses in the case, as to make them all speak the truth, if that can be done reasonably. Now, if

that cannot be done, if some of the testimony is one way and some another and is in irreconcilable conflict, then it is for the jury to weigh that testimony and determine where the truth lies and which you will accept and which you will not accept. * * *

"* * * if you are reasonably satisfied from the evidence that any witness has testified—has maliciously testified falsely in the case, you have a right to take that into consideration and disregard any or all of that witness's testimony in your good sound judgment and discretion."

Of course it would have made our task easier if the trial court had used the approved terminology, "wilfully and corruptly", but we find nothing to indicate that the court's refusal to give the requested charge injuriously affected the substantial rights of appellant, since the court's oral charge substantially covered the subject matter thereof. Bahakel v. Great Southern Trucking Co., supra.

In addition, this court has repeatedly urged caution in the application of the maxim "falsus in uno, falsus in omnibus". Tindell v. Guy, 243 Ala. 535, 10 So.2d 862. The prevailing attitude of the courts toward such instructions is "one of tolerance and sufferance. The instructions labor under faint praise and are generally regarded as of little assistance to the juries." 4 A.L.R.2d 1078. Professor Wigmore on Evidence, § 1008, p. 675, states his view as follows:

"It may be said, once and for all, that the maxim is in itself worthless;—first, in point of validity, because in one form it merely contains in loose fashion a kernel of truth which no one needs to be told, and in the others it is absolutely false as a maxim of life; and secondly, in point of utility, because it merely tells the jury what they may do in any event, not what they must do or must not do, and therefore it is a superfluous form of words. It

is also in practice pernicious, first, because there is frequently a misunderstanding of its proper force, and secondly, because it has become in the hands of many counsel a mere instrument for obtaining new trials upon points wholly unimportant in themselves."

We think it would be fractious to reverse the case in the circumstances stated and so hold.

In addition to this assignment, there are but two others. The first of these takes objection to a statement made by appellee's counsel in his opening statement to the jury, which remark was, "Elzetta [appellant's intestate] was killed in another automobile accident a few days—a few weeks—after— she was killed early one morning some six weeks later". Appellant takes the position that it was prejudicial to his cause to have the jury know that appellant's intestate had subsequent to the accident, the subject of this suit, been killed in another automobile accident. While it is not disputed that evidence bearing an another accident would not be admissible, we do not find such injury in this remark as would dictate reversal. As a matter of fact, we think the jury had a right to know that even though the plaintiff sued as administrator of Miss Kidd, deceased, that her death was not caused by the wreck involved in the suit at bar.

Moreover, it is well settled that argument of counsel is a matter which rests in the sound discretion of the trial court and it is not our province to interfere unless it has abused its discretion. Southern Railway Co. v. Jarvis, 266 Ala. 440, 97 So.2d 549; Adams v. Queen Insurance Co. of America, 264 Ala. 572, 88 So.2d 331. The trial court here stated to the jury, "We are not trying any case except the one right here". We fail to apprehend any error here.

The only remaining assignment complains of the trial court's overruling ap-

pellant's motion for new trial. The ground argued was that the verdict was against the great weight of the evidence. It should be noted that this case was submitted to the jury on a count charging wanton misconduct only. The jury found for the defendant on this count. Its finding should not be disturbed in the absence of substantial cause. The evidence was in conflict and we cannot say the verdict was palpably wrong or unjust. Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.