224 So.2d 247

**Mary Joe Salter SANDERS**

v.

**James Rickey SCARVEY et al.**

**6 Div. 618, 619, 641, 642.**

Supreme Court of Alabama.

May 29, 1969.

Rehearing Denied July 3, 1969.

John W. Williams, and Rives, Peterson, Pettus, Conway & Burge, and Edgar M. Elliott, Birmingham, for appellant.

Marvin Cherner and Baker, McDaniel & Hall, Birmingham, for appellees.

BLOODWORTH, Justice.

Defendant (appellant) appeals from verdicts for the plaintiffs (appellees) in four cases, consolidated for trial, in which judgments totaling $42,500 were rendered against her in the circuit court of Jefferson County, Alabama. Two of the suits were for personal injuries filed by two young men riding on a motorcycle when the accident occurred, and the other two suits for loss of services and medical expenses filed by their respective fathers.

There are five assignments of error, but only three are argued and insisted on as reversible error on submission of this cause: First, that the trial judge incorrectly gave a "falsus in uno, falsus in omnibus" charge;

second, that the trial court incorrectly defined negligence; third that certain jurors failed to answer truthfully to voir dire questions.

In response to the assignments of error plaintiffs (appellees) contend that the trial court, although it may have incorrectly given the "falsus in uno, falsus in omnibus" charge, cleared it up when exception was taken. Also, plaintiffs say the exception is too indefinite to invite review. As to the trial court's charge on negligence, plaintiffs respond that although the charge may not have been entirely correct, when considered in context with the entire charge, it is not so prejudicial and erroneous as to require reversal. As to the jury voir dire, plaintiffs say there is an explanation. Either the jurors concerned didn't know the answer to the question so as to be able to respond correctly, or they didn't realize the portent of the question, or they failed to understand the question. Also, plaintiffs say that the answers didn't really amount to anything material.

In its oral charge, the court said:

*"Now, if you believe that any witnesses in this trial came to this stand and swore falsely, then you have a right to disregard his testimony or her testimony as the case might be.* * * * [Emphasis supplied]"

Also:

*"* * * a person is negligent if he or she does, or fails to do something which is a [sic] reasonably prudent person would do under the same or similar circumstances.* * * * [Emphasis supplied]"

We think the exceptions taken to these two charges were sufficiently clear so as to invite our review. We do not consider the exceptions to fall within the purview of our cases of Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893; Bentley v. Lawson, 280 Ala. 220, 191 So.2d 372; Matthews v. Maynard, 274 Ala. 330, 148 So.2d 629; Jersey Insurance Co. v. Roddam, 256 Ala. 634, 56 So.2d 631.

The "falsus in uno, falsus in omnibus" portion of the oral charge is very similar to that in Beavers v. Boykin, 273 Ala. 413, 142 So.2d 10, where the court charged:

*"* * * if you are reasonably satisfied from the evidence that any witness has testified—has maliciously testified falsely in the case, you have a right to take that into consideration and disregard any or all of that witness's testimony* in your good sound judgment and discretion." [Emphasis supplied.]

In that case we held that refusing to give a written requested "falsus in uno, falsus in omnibus" charge did not constitute reversible error because the requested charge was substantially covered by the oral charge of the court. We held the refusal of the charge did not injuriously affect the substantial rights of the appellant. However, we aptly observed that the trial court should have used the approved terminology "willfully and corruptly."

The distinction between Beavers v. Boykin, supra, and this case is that there the trial judge used the word "maliciously." We have said that maliciously doing something is " * * * the intentional doing of a wrongful act to the injury of another." Huffstutler v. Edge, 254 Ala. 102, 47 So.2d 197. "Malicious" is also said to be * * * wrongful and done intentionally without just cause or excuse." Black's Law Dictionary, 4th Ed.

As we pointed out in Beavers v. Boykin, supra, we have repeatedly urged caution in the application of the maxim "falsus in uno, falsus in omnibus" and that the prevailing attitude of courts towards such instructions is "one of tolerance and sufferance." The instructions labor under faint praise and are generally regarded as of little assistance to the juries. Beavers v. Boykin, supra; 4 A.L.R.2d 1078.

Had the trial judge in this case used the word "maliciously" or "willfully" to modify

the false swearing, we would conclude that such instruction was correct and did not constitute reversible error. But, the effect of the instruction of the court in this case is that the jury may disregard any witness' testimony in its entirety if the jury believes that such witness has sworn falsely to any material fact.

■ ■■■ Therefore, we conclude that the court's charge was erroneous and reversible error in omitting the prime requirement that such testimony be given "willfully." Jones v. Americar, Inc., supra. It is only where a witness has sworn willfully and falsely to a material fact that the jury may reject that witness' testimony. Higginbotham v. State, 262 Ala. 236, 78 So.2d 637; Robinson v. State, 18 Ala.App. 612, 93 So. 262; Childs v. State, 76 Ala. 93; Prater v. State, 107 Ala. 26, 18 So. 238; Hill v. State, 146 Ala. 51, 41 So. 621; Booth v. State, 247 Ala. 600, 25 So.2d 427.

As this court said in the early case of Grimes v. State, 63 Ala. 166:

"* * * the falsity of the evidence must result from design, and not from mere mistake, or infirmity, which affects only the character of the witness for accuracy. * * *"

We have also held "To warrant the application of the maxim [falsus in uno, falsus in omnibus], the alleged false statement must have been made knowingly, intentionally, or with a design to deceive, or mislead." Childs v. State, supra.

■■■■ We also consider that the trial court gave an erroneous definition of negligence. Negligence means the failure to exercise reasonable or ordinary care, such care as a reasonably prudent person would have exercised under the same or similar circumstances. Negligence is also said to be either the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances. These definitions are so generally accepted as to require no citation of authority. For some of our approved definitions, see: City of Birmingham v. Latham, 230 Ala. 601, 162 So. 675; Weston v. National Manufacturers & Stores Corporation, 253 Ala. 503, 45 So.2d 459.

Defendant's criticism of the oral charge is that the court charged the jury a person is negligent if he does something which a reasonably prudent person would do under the same or similar circumstances. The charge does pretermit that a person is negligent if he does something which a reasonably prudent person would not do under the same or similar circumstances. In other words, the charge fails to apply to acts of commission, but only defines acts of omission. Although this was undoubtedly inadvertent, it is nevertheless incorrect. The question is, Is it reversible error?

We answered such a contention in Streetman v. Bowdon, 239 Ala. 359, 194 So. 831, in which we found that a given charge which pretermitted acts of omission but covered acts of commission, also covered acts of omission. This case disposes of this matter, as this is the corollary of the charge in the case at bar. We held it is not reversible error.

The final matter insisted on as error to reverse concerns the voir dire. The jurors were asked by counsel for defendant, viz.:

"MR. PETERSON: I would like also to ask you the opposite of the question which Mr. Hall asked you. He asked if any of you have been sued in a case. I would like to know if you or any immediate members of your family have been the ones bringing a suit or [sic] damages arising out of an accident for personal injuries, have you or any member of your family?"

On motion for new trial, it developed that a son of Juror Forester had been involved in an accident and had filed suit. Juror Forester was foreman of the jury. The suit was for injuries to the son's back, side, neck, arms, head and other parts of

his body, and the juror himself had filed suit the same date for loss of services. The juror's son had also been sued for personal injuries. The cases filed by Juror Forester and his son were still pending at the time of the trial. The juror admitted signing papers authorizing a lawyer to represent his son but contended he did not know the suit was for anything other than property damage, although the suits filed contained no claim for property damage, and his son was examined at the hospital for injuries resulting from the accident. At the voir dire, Juror Forester failed to answer respecting the suits filed by him and his son, and also that his son had been sued.

Juror Fitch had a daughter who was involved in an accident in which she received injuries to her neck and from which she still suffered at the time of the motion for new trial. The juror, Mrs. Fitch, said she knew that $500 was realized out of the claim, but had been told that "they didn't have to have a suit, to settle it." She said she did not answer on voir dire because it was "out of court. I mean it was a suit * * * it wasn't tried * * * it was settled."

Juror York had filed suit against an oil company for injuries to his eye but only recovered $10. He stated he did not know until after the trial of the case on which he was sitting that any suit had been filed. He did not answer the voir dire question at trial.

■ We agree with defendant's contention that parties have a right to have questions answered truthfully to enable them to exercise their discretion wisely in the use of their peremptory strikes. Section 52, Title 30, Code of Alabama, 1940, as last amended.[1] When jurors fail to answer questions correctly, a party is denied the exercise of that right. Morris v. Zac Smith Stationery Co., 274 Ala. 467, 149

So.2d 810; Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793; Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R. 2d 907.

Our courts have held that the concealment by a juror of information called for in voir dire examination need not be deliberate in order to justify a reversal, for it may be unintentional, but insofar as the resultant prejudice to a party is concerned it is the same. Leach v. State, supra.

■ While some of the failures to answer on voir dire might reasonably be explained away, we feel counsel in this case were deprived of their right to true and correct answers to the questions propounded. This constitutes reversible error.

For the errors noted, this cause must be reversed and remanded for a new trial.

. Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.

---

1. In all civil and criminal cases " * * * either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."