274 So.2d 650

**Ralph Oliver DENNY**

v.

**STATE.**

**6 Div. 300.**

Court of Criminal Appeals of Alabama.

Dec. 12, 1972.

Rehearing Denied Jan. 23, 1973.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

McCollough, McCollough & Callahan, Birmingham, for appellant.

CATES, Presiding Judge.

Indecent molestation of a child under the age of 16: sentence, five years in the penitentiary. Michie's Code, T. 14, § 326(2) as amended.

I

Appellant's first claim of error is that the trial court erred in allowing (over objection) a policewoman to testify that she went to see the defendant and other persons. The State in effect, appellant argues, was trying to bolster the testimony of its other witnesses.

The State contends, however, that this is no so; that the purpose of the testimony was to show an early complaint by the child and the ensuing investigation.

Since nothing in the nature of an inculpatory admission or prejudicial conduct came out in this testimony, we consider this

evidence altogether harmless. Supreme Court Rule 45.

## II

■ The trial judge gave one of the defendant's written requested charges and thereafter added, on his own, "Consent has nothing to do with it. A child under the age of 16 is incapable of giving his or her consent." To this remark no exception was taken. Hence, there is no matter reserved for our consideration. See Hubbard v. State, 283 Ala. 183, 215 So.2d 261.

## III

■ The third point raised by appellant is a claim that the testimony of the victim of this crime is required to be corroborated and that another boy who was present on two occasions was, in effect, another accomplice of the defendant.

■ This construction of § 307, T. 15, 1940 Code, is impermissible. The statute about child molestation, very much like the statutes against carnal knowledge of girls under the age of consent, is directed at acts toward children and not at acts participated in by two persons, as in the case of say, sodomy, as illustrated in LaBryer v. State, 45 Ala.App. 33, 222 So.2d 361.

. In a case involving this selfsame statute, Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803, this Court said:

"No requirement of corroboration is presented in this record. Blocker v. State, 40 Ala.App. 658, 120 So.2d 924."

Having considered the entire record under T. 15, § 389, Code 1940, we are of the conclusion that the judgment below is due to be

Affirmed. .

All the Judges concur.

