314 So.2d 108

**Jessie Douglas MALONE**

**v.**

**STATE.**

**8 Div. 464.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

Frederick T. Enslen, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and William A. Golinsky, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Assault with intent to murder; sentence: three years.

On June 30, 1973, Mrs. Peggy Ann Malone, the divorced wife of the appellant, was sitting under a hair dryer in a beauty parlor in Russellville when she was assaulted by the appellant. She, and other witnesses present, stated that the appellant came into the establishment and began beating her with his fists and also pulled a knife on her. In an attempt to ward off the blows and the knife, she was cut several times on both hands. The attack was sudden and unprovoked.

The attending physician at the local hospital testified that Mrs. Malone had lacerations on her hand and on one toe, that she had a mild concussion of the brain, a neck strain, bruises on the body and blood in the right eye. She was released from the hospital on July 2, 1973, but remained under the physician's treatment until July 17, 1973. Color photographs of Mrs. Malone were introduced showing her bruised condition.

Witness Dot Patrick, an employee of the beauty parlor, testified as to the assault and that she and a policeman pulled the appellant off of Mrs. Malone. She stated that the appellant had a knife and she heard him say at least three times he was going to kill Mrs. Malone.

Witness Polly McWright, testified that immediately after the assault, appellant told her he was trying to kill his former wife. She smelled beer or liquor on the appellant at that time, and she talked with him, but did not consider him to be drunk.

The Chief of Police of Russellville stated that the appellant was charged in city court with disturbing the peace and public drunkenness, that he entered a plea of guilty and paid a fine of $84.00.

The appellant testified in his own behalf. He admitted the assault and that he had a knife open during the assault, but denied any intent to kill his former wife. He said he did not remember saying he was going to kill her, he did not remember much, that he was drunk.

I

During the process of impanelling a jury in this cause, defense counsel posed certain questions to the jury panel, and the record fails to reflect that any member of

the jury gave either an affirmative or negative answer to those questions. Appellant argues that pursuant to Title 30, § 52, Code of Alabama 1940, he was entitled to answers to those questions and a failure of the record to reflect such answers is prejudicial error. Appellant cites as authority for such proposition Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247 (1969) and Wallis v. State, 38 Ala.App. 359, 84 So.2d 788, cert. denied 264 Ala. 700, 84 So.2d 792 (1955).

In both *Sanders* and *Wallis,* supra, questions were propounded to the venire and no answers were obtained. In both cases on motion for new trial, the defense proved that members of the panel had withheld answers to material inquiries which had the effect of denying the defense the opportunity to use their peremptory challenges properly. It should be noted that error was preserved in those cases by bringing the matter complained of to the attention of the trial court in a motion for a new trial and presenting proof to the trial court that error prejudicial to the defendant had in fact occurred.

*Sanders* and *Wallis,* supra, are easily distinguishable from this case. The appellant here attempts to bring the alleged error before this Court for the first time on appeal. No motion for a new trial was filed, no objection was made to the trial court below on this point, and there has been no showing that the appellant was in any way prejudiced by any juror withholding a reply during voir dire examination of the jury panel.

This Court set forth the correct proposition of law to be applied in the instant fact situation in the case of Flurry v. State, 52 Ala.App. 64, 289 So.2d 632, cert. denied 292 Ala. 720, 289 So.2d 644 (1973). In distinguishing *Sanders* and *Wallis,* supra, this Court, at page 70, 289 So.2d at page 638 stated:

"Appellant has not shown and does not now allege such injury and prejudice as

were demonstrated in these two cases. When questions are so phrased as to call for an answer only when applicable to the individual juror, the appellant cannot complain of lack of responses. There is no requirement that each juror answer each question either yes or no; under these circumstances, it is permissible for a juror to sit silent until a question applies to him in a manner demanding a response."

Also see, Freeman v. Hall, 286 Ala. 161, 238 So.2d 330, and Smithson v. State, 50 Ala.App. 318, 278 So.2d 766.

## II

Counsel for appellant contends that the appellant, at the time of the assault, was intoxicated to the extent to be incapable of forming or entertaining any specific intention to commit murder. The evidence does not support such contention. While the appellant testified that he was drunk and did not remember "too much" of what happened, his testimony did not establish him to be so intoxicated that he was incapable of forming or entertaining specific intent to commit the crime charged.

The case of Gautney v. State, 284 Ala. 82, 222 So.2d 175 (1969), though cited by the appellant, set forth the proposition of law that voluntary drunkenness can never be a defense to a criminal charge, nor reduce the grade of an offense, " . . . unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act. . . . " That case further held:

"Aside from the fact that there was a conflict in the evidence as to whether Gautney was 'drunk' at the time of the shooting, there was no evidence sufficient to show as a matter of law that Gautney was intoxicated to such an extent as to even reduce the grade of the offense, much less require an acquittal of all offenses covered by the indictment."

Here the evidence as to drunkenness was conflicting. The appellant states that he was drunk, however, one witness who talked with the appellant immediately after the assault testified that she smelled alcohol on him, but did not consider him to be drunk. This conflict of testimony clearly presents a question for the jury. The appellant fails to show any error in this regard committed by the trial court below.

### III

The question of double jeopardy is raised here for the first time on appeal. It is the contention of appellant that since he entered a plea of guilty and paid a fine in the Russellville City Court on charges of disturbing the peace and public drunkenness, that he is immune from prosecution by the State on the felony charge of assault with intent to murder. Without going into the merits of his argument, it is sufficient for us to state that the proper method to raise the issue of former jeopardy is by special plea. Such was not done in this case, and, therefore, the issue of former jeopardy is not properly before this Court for review. Anthony v. State, 49 Ala.App. 462, 273 So.2d 222, cert. denied 290 Ala. 361, 273 So.2d 227 (1972).

### IV

There was no motion to exclude the State's evidence at the end of the State's case in chief, no written charges were requested by the defense, there were no exceptions reserved to the court's oral charge, and there was no motion for a new trial made by the defense and, therefore, the weight and sufficiency of the evidence not being subject to review, nothing remains before this Court for review. Eady v. State, 48 Ala.App. 726, 267 So.2d 516 (1972). We find no error in the record prejudicial to the appellant.

Affirmed.

All the Judges concur.