TYSON, Presiding Judge.
The indictment charged that the appellant, “being over the age of eighteen years, did intentionally and unlawfully sell, furnish or give, to wit: marijuana . to Sheila Williams, a person who had not attained the age of eighteen years . . .” The jury found the appellant “guilty as charged,” and the trial court fixed his punishment at six years imprisonment in the penitentiary. Appellant’s motion for new trial was denied following a hearing thereon.
Love Henderson testified that she was the grandmother of Sheila Williams, age fifteen, and that Sheila lived with her at her home on Packer Street in Andalusia. Mrs. Henderson stated that on the morning of March 31, 1976, around 9:00 a. m., the appellant came to her home and requested to talk with Sheila. Mrs. Henderson told the appellant that Sheila was in bed asleep and that she did not want to awaken her. Appellant informed Mrs. Henderson that the purpose of his visit was to request that Sheila take some money which he owed to Sheila’s brother, Kenny, who was then being held in the Covington County Jail. Upon hearing this, Mrs. Henderson went inside, called Sheila to the door, and left the couple alone on the front porch.
Sheila Williams testified that during her conversation with appellant, he gave her four marijuana cigarettes and requested that she take them to Kenny when she visited her brother at the jail. Sheila stated that appellant instructed her that if anyone caught her with the marijuana to tell them that a Randy Moore gave it to her. Sheila took the marijuana inside her home and hid it. Around 1:00 p. m., she left for the Covington County Jail with the four “joints” hidden in her bra.
Covington County Deputy Sheriff Don Harrell testified that he was alerted of appellant’s plan to smuggle marijuana into the jail by a phone call from a female informant who had seen appellant give the marijuana to Sheila. Deputy Harrell stated that when Sheila arrived at the jail, he allowed her to sign in and go upstairs to her brother’s cell, then immediately sent word that he wanted to talk with her. When Sheila came back downstairs, Deputy Harrell questioned her, then called a Sheriff’s Department secretary, Barbara Blackwell, *1386 to come over to the jail. After her arrival at the jail, Ms. Blackwell took Sheila into a private room, conducted a search of her person, and found the four marijuana cigarettes.
Sheila was charged with possession of marijuana and her Miranda rights were read to her by a Deputy Szpek, who, the next day, also took a statement from her. In her statement, Sheila revealed that the marijuana cigarettes were given to her by the appellant. The appellant was later arrested for furnishing or giving away marijuana to a person under eighteen years of age.
I
Appellant contends that the evidence presented at trial was insufficient to sustain his conviction inasmuch as the only testimony which tended to “directly link” him with the commission of the offense was that of Sheila Williams, an accomplice. The decisive question before us therefore is: Was Sheila Williams an accomplice whose testimony would necessitate corroboration? See Title 15, Section 307, Code of Alabama 1940.
In Leonard v. State, 43 Ala.App. 454, 192 So.2d 461, this Court, through Judge Cates, observed:
“The classic test of determining whether the witness is an accomplice is: Could he have been indicted and convicted of the offense charged, either as principal or accessory? [Authorities omitted.]”
The act prohibited by Title 22, Section 258(52), inherently requires the participation of two persons; however, the Legislature has provided punishment for only one, the offender over the age of eighteen. Under this statute, Sheila Williams was the “victim” of the crime, and she could not have been indicted and convicted for this offense even though she may have aided or abetted its commission. Title 22, Section 258(52), was enacted for the benefit and protection of the class of persons to which Sheila Williams belongs, i. e., persons under the age of eighteen. Thus, her testimony needed no corroboration. See Duncan v. State, 20 Ala.App. 209, 101 So. 472; Blocker v. State, 40 Ala.App. 658, 120 So.2d 924; Denny v. State, 49 Ala.App. 621, 274 So.2d 650.
II
Appellant cites prejudicial error in the prosecution’s attempt to establish that on the Saturday before the offense in question, the appellant had furnished Sheila Williams with marijuana. The pertinent inquiry was made during the redirect examination of State Witness Sheila Williams (R. pp. 29-31):
“Q. Now Mr. Prestwood asked you about somebody furnishing you some marijuana. The Saturday before this happened Joey Thompson furnished you some marijuana, didn’t he?
“A. No, sir, I . . . .
“MR. PRESTWOOD: Now, Your Honor we are going to object to that.
“THE COURT: She answered in the negative.
“MR. PRESTWOOD: He’s trying to get another offense.
“THE COURT: Well, she answered in the negative.
“MR. PRESTWOOD: Yes, she said no?
“THE COURT: Yes.
“MR. PRESTWOOD: All right.
“Q. Were you riding in a car with Joey Thompson on the Saturday before this?
“A. I . . . .
“MR. PRESTWOOD: We object to that. We object to that, he is pursuing it, Your Honor and we object to that and we move to exclude it.
“THE COURT: There is nothing wrong with riding in a car, I overrule the objection.
“MR. PRESTWOOD: Well, I know what he is getting at or trying to get at.
“A. No.
“THE COURT: She answered that in the negative, likewise.
“MR. PRESTWOOD: All right, sir.
“Q. Are you answering in the negative or you don’t remember?
*1387 “MR. PRESTWOOD: Now we object to him arguing with his own witness, Your Honor.
“THE COURT: Overruled.
“A. I don’t recall.
“Q. You don’t recall? Do you have an independent recollection of walking up to Jacks on Saturday and Joey came up and you got in the car with him and rode off?
“MR. PRESTWOOD: Your Honor, we are going to object to this. He is trying to get in something that you have already sustained the objection to.
“THE COURT: I’ll stop him at the proper time. Overruled, you may answer. You may go ahead and answer.
“A. No, sir.
“Q. You just don’t recall?
“A. No, sir.
“Q. All right. That’s all.
“MR. PRESTWOOD: Subject to recall, we .
“THE COURT: All right. You may go back to the witness room.”
Because Sheila Williams answered in the negative, we are of the opinion that any prejudice which may have arisen from this line of questioning was rendered innocuous. A.R.A.P., Rule 45.
Ill
Appellant contends he was denied his Sixth Amendment right to confront and cross-examine witnesses when the trial court refused to compel Deputy Don Harrell to disclose the identity of his informant who had alerted him of the plan to supply marijuana to inmate Kenny Williams. The request for disclosure came after Deputy Harrell rendered a nonresponsive answer to a question propounded by appellant’s counsel during cross-examination. From the record (R. p. 46):
“Q. Didn’t you mention Joey’s [appellant’s] name to her?
“A. Oh, I’m sure that I mentioned his name to her.
“Q. In what connection?
“A. When I was questioning her about the cigarettes. I knew where she got them.
“Q. Well, did you see Joey hand them to her?
“A. No, sir. My informer did.
“Q. Your informer, who was your informer?
“A. Who . .
“MR. McGILL: We object to that, Your Honor.
“THE COURT: Yes, sustained.
“MR. PRESTWOOD: Well, Your Honor, we are entitled to know who the witnesses are against this defendant, and he is bringing an undisclosed witness in the courtroom.
“THE COURT: The only time they are required to disclose the name of an informer is when it has to do with the identity of the defendant.
“MR. PRESTWOOD: Well, that is what this is.
“THE COURT: I sustain the objection.”
We find no error in the trial court’s ruling. The stated fact that “my informer” saw appellant give Sheila Williams the marijuana cigarettes was hearsay. However, the record reveals that no objection was directed to this nonresponsive answer by way of a motion to strike and, or, request for curative instructions. Had such objection been made and appellant received an adverse ruling thereto, our review of appellant’s claim that he was deprived of his Sixth Amendment right to confront witnesses against him would be cast in a different light. However, under the circumstances here presented, we hold that the trial court’s refusal to compel disclosure was not erroneous. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.
IV
The appellant sought to impeach the testimony of Sheila Williams through the testimony of several witnesses by attempting to bring out two factors concerning her interrogation by Deputy Harrell.
The appellant sought to show that Sheila Williams’ testimony was suspect because on *1388 the day of her arrest and interrogation at the jail, Harrell admitted that he had deliberately led her to believe that: (1) It was the appellant who had telephoned that she was ¿ringing the marijuana to the jail; and (2) That Deputy Harrell had indicated to her that inasmuch as she was a juvenile, “she would be sent off to an industrial school” if she did not cooperate with the authorities.
In rebuttal the State recalled Deputy Harrell to testify about his telephone conversation with the informant. Harrell stated that his informant was “a female,” and Harrell also stated that the informant indicated “Sheila Williams was coming to the jail with some marijuana for Kenny Williams.” Harrell also testified that because he was attempting to ascertain the truth in his interrogation of Sheila Williams, he did lead her to believe that it was the appellant who had placed the telephone call to him at the jail. Since this line of inquiry was opened up on cross-examination initially by the defense and by the defense’s own witnesses, the remainder of these matters were properly allowed in evidence by the State in rebuttal. Morrow v. State, 52 Ala.App. 145, 290 So.2d 209, cert. denied 292 Ala. 743, 290 So.2d 213; Herriott v. State, Ala.Cr.App., 337 So.2d 165, cert. denied Ala., 337 So.2d 171.
V
As grounds for the appellant’s motion for new trial, he asserts that a prospective juror, Tony Findley, failed to answer questions on voir dire concerning his prior acquaintanceship with the appellant, and as a result thereof this juror was allowed to serve at trial and the appellant was prejudiced thereby.
At the hearing Findley testified that the appellant had been to his home with the appellant’s father on one occasion to help him pull a pump, but that was six or seven years before, and that he did not feel like the appellant was “a personal acquaintance” of his since he had not seen him in a number of years. He further related that he had known the appellant years ago as a boy, probably when he was “twelve or fourteen years old” and had not seen him since that time.
The appellant related that he realized who the man was when he saw someone looking at him during the trial and then he looked at the jury list and saw the words “L & N” by the man’s name.
The standards covering this situation are well set forth in the opinions of the Supreme Court of Alabama in Freeman v. Hall, 286 Ala. 161, 238 So.2d 330; and Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247.
Because of the age of the appellant at the time, and due to the fact that Findley had not seen the appellant in seven years, we do not find error in Mr. Findley’s failure to recognize the appellant, and therefore answer the questions asked on voir dire. Smithson v. State, 50 Ala.App. 318, 278 So.2d 766; Malone v. State, 55 Ala.App. 189, 314 So.2d 108.
We have carefully examined this record and find same to be free from error. The judgment is
AFFIRMED.
DeCARLO, BOOKOUT and BOWEN, JJ., concur.
HARRIS, J., concurs in result.