Appellants were convicted of violating the Alabama Compulsory School Attendance Law. The District Attorney filed two complaints against each appellant and the four cases were consolidated for trial before a jury. The jury returned four verdicts of guilty as charged in the complaints and the trial judge sentenced appellant Hill to thirty days hard labor in the Elmore County Jail and assessed a fine of one dollar against him on the first case. On the second conviction of appellant Hill the trial judge sentenced him to ninety days hard labor in the Elmore County Jail and assessed a fine of one hundred dollars against *Page 432 
him. Identical sentences were imposed on appellant Downing. After the sentences were imposed each appellant gave notice of appeal and the four cases were consolidated on appeal.
The District Attorney's complaints charged that each appellant was the parent, guardian or other person having control or charge of a child between the ages of 7 and 16 years, who is required to attend school or to be regularly instructed by a private tutor, and that within twelve months before the commencement of this prosecution, each appellant "did unlawfully fail to send said child to school or fail to have said child enrolled in school or to have said child instructed by a private tutor during the time said child was required to attend a public school, private school, denominational school, or parochial school, or be instructed by a private tutor, or to require said child to regularly attend such school, or tutor, against the peace and dignity of the State of Alabama."
Appellants waived the reading of the complaints and pleaded not guilty to each one. It was stipulated between the State and appellants that Jerry Hill was a parent, guardian, or other person having control or charge of the child Jason Hill, and that Kenneth Downing was a parent, guardian, or other person having control or charge of the child Tracy Downing. It was further stipulated that each child was at that time nine years of age and was eight years of age at the time of the commencement of the prosecution. The facts established that the written notices required by law were served upon appellant Hill on September 14, 1979, and January 24, 1980, respectively, and that more than three (3) days after the service of each notice warrants were secured for the arrest of Hill on September 21, 1979, and January 31, 1980, charging him with two cases of violating the Alabama Compulsory School Attendance Law. The facts further established that the written notices required by law were served upon appellant Downing on November 9, 1979, and January 24, 1980, and that more than three (3) days thereafter warrants were secured on January 3, 1980 and January 31, 1980, charging him with two cases of violating the Alabama Compulsory School Attendance Law.
Mr. Leon Robinson, the Attendance Supervisor for the Elmore County Board of Education, testified that it was his job to periodically check the various schools to make sure that the children who are supposed to be enrolled in school are regular in attendance. He knew of the child, Jason Hill, the son of Jerry Hill and knew that appellant Hill was the parent, guardian or other person having control or charge of Jason and that they lived on Hillcrest Road in Elmore County. He had been to this residence and knew that Hill resided there with his son.
He further testified concerning the two written notices given to each appellant about their children, Jason Hill and Tracy Downing, not being enrolled in or attending public schools in Elmore County. He stated that warrants were sworn out after appellants refused to comply with the law. The following is the type of notice served upon both appellants and naming each of them:
"ELMORE COUNTY BOARD OF EDUCATION
Elmore County Courthouse P.O. BOX 617 Wetumpka, Alabama 36092
JOHN C. WHATLEY BOARD MEMBERS Superintendent
E.H. DEAN CARL RAY PARKER Vice President Board President
 KENNETH LAZENBY JULIA MAXIE K.R. MURCHISON
State of Alabama County of Elmore
Notice to Enroll Children In School
To: Jerry Hill Rt 1 Box 34O Hillcrest Rd. Deatsville, Ala.,
 the parent, guardian or other person having control of Jason Hill a minor over the age of seven years and under the age of sixteen years: "Pursuant to the authority contained in Sections 16-28, 1 thru 23, of the Code of Alabama of 1975, you are hereby respectfully *Page 433 
informed that the laws of Alabama require the enrollment and attendance of the minor(s) hereinabove listed in a public school, private school, denominational school, parochial school or to be instructed by a competent private tutor.
 "It appears that the above minor(s) is not presently enrolled or attending in any of the above listed programs and the attendance officer has investigated such and no valid reason for nonenrollment or nonattendance of said minor(s) has been found and said investigation disclosed that said enrollment or nonattendance was without valid excuse or good reason and intentional.
 "You are hereby officially notified that you must enroll or cause to be enrolled the above listed minor(s) on or before the expiration of three days from service of this notice and cause said minor's attendance in one of said specified programs.
 "If the above minor(s) is not enrolled and attending in one of the programs hereinabove mentioned, beginning on the fourth school day after service of this notice, criminal prosecution will be brought against you, a warrant of arrest will be issued for you, because of your failure to have said minor enrolled and attending as hereinabove set forth.
 "You are further informed that each day that the minor hereinabove listed fails to be enrolled and attend school will constitute a separate offense against the laws of Alabama and further or additional criminal prosecutions may be commenced against you for each such offense without further notice.
 "In witness whereof I hereby set my hand and seal this 24th day of January, 1980.
 Leon Robinson
Signature Attendance Officer Elmore County School System
"Form Revised 1/17/80"
Mr. Robinson had a conversation with appellant Hill about his school age child who was not enrolled in a public school in Elmore County and Hill admitted that he did have a son who was not attending school because he did not believe in compulsory education due to his religious beliefs. Mr. Robinson further testified that Hill did not tell him that he was sending his child to a certified private school, denominational school, parochial school, or that his son was being taught by a certified and licensed private tutor. Mr. Robinson stated that both Hill and Downing were personally served with a copy of the written notice set out above.
Mr. Robert Fenn, the principal of Robinson Springs Elementary School, testified that he knew both appellants and knew where they lived. A child eight or nine years old living with appellants would attend Robinson Springs Elementary Schools. According to the school records the two children of appellants were not enrolled in and attending school from September 14, 1979, up to January 31, 1980. No one had given appellants or their children permission or consent not to be enrolled in or to be absent from school.
Appellants did not testify or present any evidence in their behalf. They made a motion to exclude the state's evidence on several grounds. They also moved to quash the warrants and dismiss the charges against each of them. After a lengthy argument this motion was overruled and denied.
Appellants contend that their guarantees of religious freedom are violated by the Alabama Compulsory School Attendance Law. This case raises the precise issue and is based on almost identical facts as Hill v. State, Ala.Cr.App., 381 So.2d 91. The appellants in Hill, supra, as in the present case, attacked the constitutionality of forced school attendance on freedom of religion grounds. This court in Hill found that the statute did not violate freedom of religion. The case was reversed by the Alabama Supreme Court but on other grounds, viz., that the notice requirements must be strictly followed. Proper notice was given in the present case. There is no merit in appellants' freedom of religion claim. *Page 434 
Appellants contend the Compulsory School Attendance Law is unconstitutional in that it attempts to establish certain elements which, if proven, would constitute a prima facie case of guilt and thus impermissibly shift the burden of proof from the State to the defendants. We do not agree.
In Wells v. State, Ala.Cr.App., 378 So.2d 747, this court held that a statute that presumed a violation of the statute if certain elements were met (possession of credit cards not in defendant's name without the cardholder's consent) did not impermissibly shift the burden of proof from the State to the defendant. The court cited with approval the case of Griggs v.State, 37 Ala. App. 605, 73 So.2d 382, as holding that "It is now well established that a legislative body may provide by statute that certain facts may be prima facie or presumptive evidence of other facts, provided that reason and experience connect the ultimate fact presumed with the facts proved. Such statutes are within the powers of the legislative body to enact, they are not considered an infringement upon the judiciary, and are not violative of any other constitutional provisions."
The court in Wells, supra, further stated that the legislatively created aid to the prosecution in proving a prima facie case did not relieve the prosecution of the burden of proving the defendant guilty beyond a reasonable doubt and to a moral certainty. The court stated, "Once this presumption is shown, it is incumbent upon the defendant to explain his possession (of the missing credit card) consistent with honestyor rest under the assumption that he had stolen it." (Emphasis added.) The defense in the instant case rested under the presumption of guilt as prescribed by Section 16-28-12, Code of 1975, assuming a prima facie case was proven. This statute provides that the absence of a child without the consent of the principal teacher of the school he attends or should attend or the tutor who instructs or should instruct such child shall be prima facie evidence of the violation of the above cited Code Section.
The State presented more than ample evidence to prove beyond a reasonable doubt and to a moral certainty that appellants unlawfully violated Alabama's Compulsory School Attendance Law.
Appellants raise for the first time on appeal the issue of double jeopardy contending that the second conviction violated their constitutional protection from double jeopardy. The proper method to raise the issue of former jeopardy was by special plea and, in the absence of such a plea, the issue is not properly before the Court of Criminal Appeals. Malone v.State, 55 Ala. App. 189, 314 So.2d 108; Anthony v. State,49 Ala. App. 462, 273 So.2d 222, certiorari denied, 290 Ala. 361,273 So.2d 227; Steward v. State, 55 Ala. App. 238,314 So.2d 313, writ denied, 294 Ala. 201, 314 So.2d 317; Simpson v.State, Ala.Cr.App., 354 So.2d 317, certiorari denied Ex parteSimpson, 354 So.2d 324.
Finally, appellants claim that the prosecutor made improper remarks during his closing argument to the jury wherein he stated, "Now, what has he said (inaudible) legal defense in offering you any kind of evidence? Nothing. I believe . . ." Appellants objected and the court stated, "There's nothing been said about these defendants failing to testify."
In Simpson v. State, Ala.Cr.App., 354 So.2d 317, certiorari denied, Ala., 354 So.2d 324, this court held:
 "There is no uniform legal standard by which to review the prejudicial effect of improper remarks made by the prosecutor during trial. Each case must be reviewed on its own merits. Beckley v. State, Ala. Cr.App., 335 So.2d 244 (1976); Atchison v. State, Ala.Cr.App., 331 So.2d 804, cert. denied 331 So.2d 806 (Ala. 1976). Much discretion is left to the trial court in determining whether the statement is prejudicial to the defendant. Garrett v. State, 268 Ala. 299, 105 So.2d 541 (1958); Bullard v. State, 40 Ala. App. 641, 120 So.2d 580 (1960); Tooson v. State, 56 Ala. App. 613, 324 So.2d 327, cert. denied 295 Ala. 426, 324 So.2d 333 (1975). From our review of the record, we do not find that *Page 435 
the district attorney's statement, although improper, was prejudicial to appellant or that the trial court's action in overruling his objection was reversible. Scroggins v. State, Ala.Cr.App., 341 So.2d 967 (1976); Ballard v. State, 51 Ala. App. 393, 286 So.2d 68, cert. denied 291 Ala. 772, 286 So.2d 72
(1973)."
We have carefully searched the record for errors injuriously affecting the substantial rights of appellants and have found none.
The judgments of conviction are affirmed.
AFFIRMED.
All the Judges concur.