I concur as to parts I, II, and IV; I respectfully dissent as to part III. I believe the trial court abused its discretion when it failed to develop testimony, either "orally, or by affidavit," before concluding that there was no probable prejudice resulting from the concealment of information by three jurors on voir dire. See Freeman v. Hall, 286 Ala. 161,167, 238 So.2d 330, 335 (1970).
The following is well settled in this state:
 "[P]arties have a right to have questions answered truthfully to enable them to exercise their discretion wisely in the use of their peremptory strikes. When jurors fail to answer questions correctly, a party is denied the exercise of that right.
 "Our courts have held that the concealment by a juror of information called for in voir dire examination need not be deliberate in order to justify reversal, for it may be unintentional, but insofar as the resultant prejudice to a party is concerned it is the same."
Sanders v. Scarvey, 284 Ala. 215, 219, 224 So.2d 247, 251
(1969) (citations omitted).
Because I believe that the parties are entitled to have their questions on voir dire answered truthfully, I believe the trial judge should have developed testimony on which to base his ruling that there was no probable prejudice shown.