175 So.2d 766

Benny SNELL

v.

STATE of Alabama.

3 Div. 168.

Supreme Court of Alabama.

May 27, 1965.

Clarence M. Small, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant, Benny Snell, along with two others who do not join in this appeal, was indicted jointly by a grand jury of Montgomery County for robbery. Snell was tried jointly with his alleged wife, Lanell Snell.

The record before us indicates that the trial court, in response to a motion filed by defendant, appointed counsel to represent defendant at the nisi prius trial (including arraignment). Appointed counsel duly represented defendant pursuant to the appointment.

The jury returned a verdict of guilty on the charge of robbery, and also fixed defendant's punishment at imprisonment in the penitentiary of Alabama for a period of 25 years. The trial court, on June 1, 1964, in open court, adjudged the defendant guilty of robbery and pronounced sentence in execution of the jury's verdict. No notice of appeal was given at that time nor motion made to suspend sentence pending appeal.

Thereafter, defendant on his own motion in writing, dated August 3, 1964, moved the circuit court for a new trial. It does not appear that the motion was marked filed in office by the circuit clerk, nor does the record indicate that it was presented to the trial judge as mandated by § 119, Title 13, Code 1940. The trial court made no ruling on the motion. There is nothing for this court to review.

The motion contains eight grounds for a new trial. We note that ground 4 of the motion alleges that there was a denial of severance. Rule 31, Circuit and Inferior Court Rules, Appendix, Vol. 7, Code of 1940. When the trial court arraigned defendant on May 19, 1964, the following occurred.

"How do you plead, Farrell Brogden, guilty or not guilty?

"MR. MOONEYHAM (ATTORNEY FOR BROGDEN) Your Honor, we would like to ask for a severance, and we plead not guilty.

"THE COURT: All right.

"MR. CROSLAND (CIRCUIT SOLICITOR): How do you plead, Benny Snell? Guilty or not guilty?

"MR. AZAR (ATTORNEY FOR DEFENDANT SNELL): Not guilty, and not guilty by reason of insanity.

"MR. CROSLAND: How do you plead, Lanell Snell, guilty or not guilty?

"MR. STUCKEY (ATTORNEY FOR LANELL SNELL): Your Honor, we would like to ask for a severance, and file a plea of not guilty.

"THE COURT: I am putting down here each of the defendants is represented by an attorney appointed by the Court, being duly arraigned pleads not guilty, and each demands a severance.

"MR. CROSLAND: And you want to add to yours a different plea as to Benny Snell?

"MR. AZAR: We plead not guilty, and not guilty by reason of insanity."

It appears from the record of the evidence that defendant Benny Snell did not take the stand as a witness for himself; and, also, that he offered no evidence in support of his plea of insanity, nor was there any evidence adduced in support of such plea.

When the trial was ready to begin the following occurred according to the transcript of evidence:

"MR. CROSLAND: Your Honor, the next case is 1505. I think they ask for a severance. And we will call the case of Bennie Snell.

"MR. AZAR (ATTORNEY FOR DEFENDANT BENNY SNELL): We made a motion for a severance on behalf of Bennie Snell, Your Honor, but we don't press it.

"MR. CROSLAND: He didn't ask for one.

"MR. STUCKEY (ATTORNEY FOR LANELL SNELL): We would like to withdraw the motion on behalf of Lanell Snell.

"THE COURT: All right.

"MR. AZAR: We just might as well try them together.

"MR. CROSLAND: We are ready to try Lanell Snell and Benny Snell, Your Honor."

The joint trial of Benny Snell and Lanell Snell then proceeded and ended in a verdict of guilty as to both defendants.

Grounds 1, 2, 3, 5, 6, 7 and 8 are without merit and present no grounds for vacating the judgment of conviction. We make this observation without a ruling having been invoked as required by law.

■ Succinctly stated in the brief filed by appellant's attorney, the evidence of the state tended to show that one Arthur James Lawson went to a cafe in the City of Montgomery, where he met Lannell Snell and made an agreement with her to go to his apartment for carnal embraces. Lawson left in a taxicab and went to his apartment in the City of Montgomery. When Lanell Snell failed to appear in accordance with their agreement, Lawson went back to the cafe and found Lanell Snell still there. She demurred about going to his apartment, but agreed to go to a room she occupied on Martha Street in the City of Montgomery. On arrival at the room, Lanell told Lawson to remove his clothing and get in bed, that she was going out of the room for a moment and would return shortly. He obeyed instructions. Lawson testified that two men entered the room and beat him with a piece of concrete, and forced him to give them his money and some watches he had. The state's evidence further tended to show Benny and Lanell were later arrested in Montgomery and Brogden later arrested in Andalusia, Alabama. The record shows that Lanell and Benny were married to each other at the time, but were separated. All participating parties had been drinking intoxicating liquors. Lawson identified Snell as his assailant with a piece of concrete; that he hit him on the head and it took several stitches to close the wound from the licks. There was other evidence that corroborated Law-

son's identification of Snell. We will not burden this opinion with all the sordid details and the corroborating evidence. Suffice it is that the evidence was ample to sustain the conviction of appellant.

The automatic appeal statute (Act No. 249, appvd. June 24, 1943, p. 217; Code 1940, Tit. 15, § 382(1) et seq., 1955 Cum. Pocket Part) applies only when the death sentence has been imposed. Clark v. State, 255 Ala. 106, 50 So.2d 272(1). It does not here apply.

The record shows indictment in due form of law; arraignment of defendant upon the indictment in open court, his counsel being present; setting the case for trial; due trial; and conviction of the defendant and judgment and sentence, all according to law.

It is ordered that the judgment from which this appeal emanates is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.