179 So.2d 333

**Melvin Connie-Mack CARTY**

**v.**

**STATE.**

**6 Div. 101.**

Court of Appeals of Alabama.

Aug. 17, 1965.

Rehearing Denied Aug. 31, 1965.

Percy B. Watkins, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal from denial of habeas corpus was submitted May 6, 1965.

The appellant was originally convicted on his plea of guilty. However, since he had no lawyer at arraignment, the trial judge, on coram nobis, later set the judgment aside and ordered another trial. Pending his new trial, he is now in the Jefferson County jail in default of bail.

The appellant seeks to stay his again being brought to book on the six pending indictments. He would try to carve out of a procedural error—albeit of constitutional proportions [1]—a vested right of immunity from further prosecution.

No court has adjudged that any of the indictments against Carty is void. See 21 Am.Jur.2d, Crim.Law, § 209.

 Moreover, "legal" (reasonable probable) cause of detention [2]—not the validity of an indictment—is the issue on habeas corpus. Code 1940, T. 15, §§ 24 and 29.

 Double jeopardy, if any, can be claimed by special plea. Circuit Ct. Rule 30, 1st sent.; Code 1940, T. 15, § 288.

The judgment below is due to be

Affirmed.

### On Rehearing

CATES, Judge.

Carty's application says there was no petition for a writ of error coram nobis before the circuit court.

In the landmark case of Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, a habeas corpus petition was treated, as far as possible, as seeking coram nobis also.

 The caption no more determines the purpose of a pleading than a label shows what is in a package.

 Setting aside a sentence whilst a habeas corpus petition is before him is, on this record, within the trial judge's scope of duty in carrying out the mandate of Hamilton v. State of Alabama, supra.

Application overruled.

---

1. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

2. The Federal courts accord State prosecutors a reasonable time to retry successful petitioners for habeas corpus. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751; Wiman v. Powell, 5 Cir., 293 F.2d 605; Wiman v. Argo, 5 Cir., 308 F.2d 674, 676. 28 U.S.C. § 2243, last paragraph provides: "The court shall * * * dispose of the matter as law and justice require." Cf. Holdsworth, History of English Law, IX 118.