McMILLAN, Judge.
Prom a conviction for the offense of criminal mischief in the first degree, in violation of § 13A-7-21, Code of Alabama 1975, pursuant to a guilty plea, and sen *551 tence of five years in the State penitentiary, this appeal follows. For the reasons outlined below, we remand this case to the trial court with directions.
On February 13, 1985, the appellant, along with his court-appointed attorney, appeared before the Honorable James T. Gul-lage, Circuit Judge, Lee County, Alabama.[1] On that day, the appellant withdrew his plea of not guilty and entered a plea of guilty to the charge. The record reveals a thorough and competent colloquy between the trial court judge and the appellant to ascertain whether the appellant understood his rights and whether he understood that, by entering a guilty plea to the offense, he was waiving certain rights. Additionally, the record contains a form styled “explanation of rights and plea of guilt (after indictment)” which was executed by the appellant, as well as the appellant’s attorney and the trial court judge.
In the colloquy, the appellant stated that he had completed the eighth grade but could not “read or write well.” Extensive examination of the appellant by the trial court judge established that the appellant was pleading guilty because he was, in fact, guilty. The following appeared in the record:
“THE COURT: ... You are pleading guilty because you are guilty, is that right?
“THE DEFENDANT: Yes, sir.
“THE COURT: How did you damage this fellow’s car, Mr. Pitts?
“THE DEFENDANT: I ran into it.
“THE COURT: You ran into it?
“THE DEFENDANT: Yes, sir.
“THE COURT: With what, another automobile?
“THE DEFENDANT: Yes, sir.
“THE COURT: Were y’all fussing or arguing or something and you rammed it?
“MR. COX [Defense counsel]: Michael, y’all had had a little argument, right?
“THE DEFENDANT: Yes, sir.
“MR. COX: And you had had a fist fight?
“THE DEFENDANT: Yes, sir.
“MR. COX: Tell the Court how many times you ran into the man’s car?
“THE DEFENDANT: About four times.
“MR. COX: About four times.
“THE COURT: Okay. You did that intentionally too, I guess?
“THE DEFENDANT: Yes, sir.
“THE COURT: Okay. Well, I’m of the opinion then you’re pleading guilty because you are guilty, so let me ask you at this time, how do you plead to the charge of criminal mischief in the first degree as set forth in the indictment?
“THE DEFENDANT: Guilty.
“THE COURT: On your plea of guilty, I find you guilty....”
After the trial court had accepted the appellant’s guilty plea, a sentencing hearing was scheduled for March 28, 1985. Additionally, the trial court indicated that an amount to be paid as restitution would be set on that date.
At the sentencing hearing on Thursday, March 28, 1985, the State’s attorney stated that the appellant had a “four card misdemeanor record,” but did not have a prior felony conviction. The trial court then sentenced the appellant to five years in the State penitentiary. In connection with the appellant’s application for probation, however, the following appears in the record:
“THE COURT: ... Mr. Pitts, I have a report of the probation officer [which] indicates that you have probably been arrested twenty or thirty times over the period of your lifetime. Many of the charges were dismissed. I notice that you have been convicted of disorderly conduct in ’74; you were referred to the Juvenile Court in ’75 for assault and battery; paid a fine and thirty days for assault on a police officer in '77; resisting arrest at the same time; disorderly *552 conduct and you were sentenced to six months in 1980; • you were convicted of assault in the third degree in 1980; again assault in the third degree in 1980; disorderly conduct in ’82; you were found not guilty of menacing in ’84; convicted of harassment in ’84; and resisting arrest in ’84; that’s in May of ’84; and then again in November of ’84 disorderly conduct and November of '84 resisting arrest.
“Now, that’s what the probation officer says your record is like. Is that the case?
“MR. PITTS: Yes, sir, but I was sick. I have some kind of sickness.
“THE COURT: Okay. Anything else anybody wishes to submit?
“MR. COX: Your Honor, Mr. Pitts has had a long history of some sort of mental problems that I’m not sure there’s a diagnosis for it. His brother, A.D. Pitts, is here with him today.
“MR. Pitts, can you shed some light on that with the Court, what the family knows about that?
“MR. A.D. PITTS: Well, all we know is sometime Mike has, I don’t know the right word for it, he just goes off sometimes.
“THE COURT: You mean in his head or leaves home?
“MR. A.D. PITTS: In his head, you know, and acting violent. And he’s, you know, been under this doctor’s care, or psychiatrist, or whatever. He’s also been admitted to a mental institution several times, I think. These problems has been going on, just like his record indicates, all of his life. And I think he’s still going to — he’s still seeing a therapist for his problem.
“MR. COX: Mr. Pitts, was your brother, Michael, not committed, involuntarily committed right after this act of damaging this automobile?
“MR. A.D. PITTS: Yes, he was.
“MR. COX: Okay. And do you know what hospital he went to?
“MR. A.D. PITTS: I think it was the Bradley Center in Montgomery.
“MR. COX: Okay. And that was within a week of this incident?
“MR. A.D. PITTS: Yes.
“MR. COX: Okay. Your Honor, I’d just like to point out to the Court that he had an awful lot of discipline problems dating all the way back to 1973, which is like twelve years now. And most of these are incidents involving some sort of inability to get along with folks, whether it be police officers or other folks out in the community. He pled guilty to the accusation of criminal mischief which involved damaging an automobile. Nobody was—
“THE COURT: He rammed another car if I remember correctly.
“MR. COX: Right. Nobody in the car. He just got mad at the guy that owned it and drove his car into it about three or four times. So I’d ask the Court to consider that this is the first time he’s ever committed a felony offense and he did some property damage, but he’s not hurt anybody. Thank God.
“THE COURT: Okay.
“MR. COX: I would ask the Court to consider that very strongly in considering this application.
“THE COURT: All right. I would simply say I’m glad nobody was hurt.
“Okay. Anything else?
“MR. COX: Anything else, Michael? Anything you want to say to the Judge? “THE DEFENDANT: No, sir.”
Based on the above, the trial court established the amount of restitution which the appellant would be required to pay, and at the end of the hearing, the trial court denied the appellant’s application for probation.
On April 15,1985, the appellant executed a pro se “document” which indicates that the subjects are: “1. withdraw of plea” and “2. appeal and appeal bond.” The document is drafted in the style of a letter to the trial court and requests that “this honorable court grant me the above subjects.” *553 The document has two “filing date” stamps which indicate that the original filing date of April 17, 1985, was marked through and the date of filing appears to be April 19, 1985.
By order dated April 17, 1985, and filed April 18, 1985, Honorable James E. Gul-lage, Circuit Judge, appointed Honorable Margaret Brown to represent the appellant on appeal. Nothing, however, in the record on appeal indicates that the appellant’s “request” for “withdraw of plea” was considered or brought to the attention of the trial court. From the conviction and sentence, this appeal follows. On appeal, the appellant raises three issues.
I
The first issue raised on appeal is whether the trial court erred when it failed to grant the appellant leave to withdraw his guilty plea. According to the appellant, the trial court, at the time it accepted his guilty plea, did not know that he was suffering from a “mental incapacity.” As can be seen from the record, portions of which are outlined above, the appellant was involuntarily committed approximately a week after he committed the present offense. According to the appellant, this testimony alone presents a question of his competency at the time he entered his guilty plea.
From a review of the record, as noted above, it is not apparent that the appellant’s request to withdraw his guilty plea was brought to the attention of the trial court, since the record contains no ruling on that “request.” It is also apparent that the appellant’s pro se “request” is not in “proper legal form,” since it is not drafted in the form of a pleading and does not set out the reasons for the appellant’s request to withdraw his plea. Had the motion been in proper form and brought to the court’s attention, the trial court might very well have set the matter for an evidentiary hearing.[2]
Although the appellant contends that the trial court erred when it denied his “motion,” the record does not indicate that the “request”/“motion” was brought to the attention of the trial court. Of course, as a general rule, the burden is on the defendant, at the trial court level, to properly preserve the record on appeal by invoking a ruling from the trial court. Snell v. State, 278 Ala. 73, 175 So.2d 766 (1965), cert. denied 382 U.S. 896, 86 S.Ct. 190, 15 L.Ed.2d 153 (1965). Under the unique facts of this case, however, serious questions concerning appellant’s competency have been raised which require that further consideration of this issue be undertaken by the trial court. For these reasons, we remand this case to the trial court with instructions that the trial court enter an order granting or denying appellant’s motion to withdraw his guilty plea and setting out the reasons for its decision. At the discretion of the court, a hearing on the issue of appellant’s competency to enter a guilty plea may be conducted in which case a transcript of the proceedings, along with the order of the trial court, should then be forwarded to this Court for further consideration. (Of course, it can be assumed that the appellant will move to dismiss this appeal should the trial court grant his motion and allow him to withdraw his guilty plea.) Since this case is being remanded to the trial court, it is not necessary at this time to address the additional issues raised by counsel on appeal.
*554 REMANDED WITH INSTRUCTIONS.*
All the Judges concur.

. Also present was the appellant’s brother, A.D. Pitts. Defense counsel noted, for the record, that he had explained the appellant's rights and the consequences of his plea to the appellant's family, as well as the appellant.

. See, for example, Sanders v. State, 414 So.2d 482 (Ala.Cr.App.1982), wherein this Court, per Judge DeCarlo, upheld appellant’s murder conviction and sentence of 20 years. In Sanders, the appellant filed a motion to withdraw her guilty plea based on her incompetency at the time, and an evidentiary hearing was held on said motion. At the close of the hearing on the motion, the trial court denied the motion and indicated that the appellant had intelligently, voluntarily, and understandingly entered her plea of guilt. This Court upheld the trial court’s decision on appeal and noted that the three-week delay in advancing the theory of incompetency reflected on the "good faith, sincerity and crediblity” of the appellant’s claim. Id. at 484. Of course, in the present case, there was a two-month delay between the time the guilty plea was entered on February 13, 1985, and the date the "request” was filed by the appellant.

 On return to the remand, on June 30, 1987, the court dismissed the appeal without opinion.