The appellant, Lorenzo White, was convicted of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975, and was sentenced to a term of 10 years in the penitentiary. The evidence presented at trial tended to show that the appellant's estranged wife sent her brother (the victim) to the appellant's house to retrieve her clothing and to check on her children, who were still living in the house. When the victim arrived at the residence, an argument ensued with the appellant. The appellant then stabbed the victim with a kitchen knife. The appellant raises two issues on appeal.
 I
The appellant first contends that the trial court erred by denying his motion for judgement of acquittal made at the end of the state's case. The following exchange took place concerning the appellant's motion:
 "[DEFENSE COUNSEL]: Judge, at this time we would move —
"[PROSECUTOR]: I'm going to rest.
 "[DEFENSE COUNSEL]: — to dismiss on the State's failure to show a prima facie case.
 "[PROSECUTOR]: The State has to offer State's Exhibit 1.
 "THE COURT: Let me see it. This says stab wounds, plural. Do you know about two or more than one?
 "[DEFENSE COUNSEL]: All I've heard about is one, Judge.
 "[PROSECUTOR]: It says stab wounds. There is one across his forehead. There is a slashing wound to the forehead.
 "THE COURT: [We're] not sure if that's from the accident.
 "[PROSECUTOR]: That's the medical record and certainly the medical record is admissible.
 "THE COURT: I'm not saying it isn't. Sure it's in. Is that all you are putting in?
"[PROSECUTOR]: Yes, sir. I prematurely rested.
 "THE COURT: You're going to rest. What did you say?
 "[DEFENSE COUNSEL]: Judge, defense is going to rest."
It is apparent from this exchange that the trial court did not rule on the appellant's motion. It is equally clear that the appellant rested his case without obtaining a ruling by the court and without renewing the motion.
This court will not review the merits of a motion presented by the appellant at trial unless the court below has ruled adversely to the appellant on the motion. Bolden v. State,568 So.2d 841 (Ala.Cr.App. 1989); Leonard v. State, 551 So.2d 1143
(Ala.Cr.App. 1989). In the present case, the appellant asserts that the State interrupted him while he was making his motion. Accordingly, he claims that this interruption precluded him from securing the court's ruling. However, it is the appellant's duty to preserve the record for appeal by invoking a ruling from the trial court. Pitts v. State, 510 So.2d 550,553 (Ala.Cr.App. 1985). Because the appellant made no effort to renew the motion or otherwise to obtain a ruling on the matter, this issue is procedurally barred from our review.
 II
The appellant next contends that the trial court erred by overruling his hearsay *Page 767 
objection, thereby prejudicing the jury against him. The trial court allowed the victim to testify, over objection, as to a statement made by the appellant's daughter immediately prior to the attack. The victim was allowed to testify that the appellant's daughter stated that she wanted to leave the appellant's house and go with the victim. The appellant claims that this statement was classic hearsay and also extremely prejudicial. We disagree.
Hearsay testimony includes "every human statement, not made in the process of testifying as a witness in the present trial . . ., offered as tending to prove the truth of the matterasserted." C. Gamble, McElroy's Alabama Evidence, § 242.01 (4th ed. 1991) (emphasis added). The statement by the appellant's daughter was not offered to prove whether she indeed wanted to leave the house. Instead, the statement was offered to illustrate the circumstances which led to the assault. "[A]ll acts done and words spoken pending the commission of a particular act, tending to illustrate or give character to the act, are admissible as part of the res gestae of the act." Nealv. State, 460 So.2d 257, 261 (Ala.Cr.App. 1984). Therefore, the trial court correctly received testimony concerning this statement into evidence.
Even if the statement had not fallen within any exception to the hearsay rule, the appellant failed to prove that his substantial rights were injuriously affected by the trial court's allowing the jury to hear such testimony. See Rule 45, A.R.App.P. The appellant must show not only that the trial court erred, but also that such error was probably injurious to his cause. Wilson v. State, 520 So.2d 205 (Ala.Cr.App. 1987).
For the reasons stated above, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.