The appellant, Roderick Tribble, appeals from his convictions for vehicular homicide, a violation of § 32-5A-192, Code of Alabama 1975, and for failure to give information and to render aid, more commonly known as leaving the scene of an accident, a violation of §32-10-2, Code of Alabama 1975. The appellant was sentenced to 5 years' imprisonment for the vehicular homicide conviction, and 10 years' imprisonment for the leaving the scene of an accident conviction. The sentences are to run consecutively.
The state's evidence established that late in the afternoon of December 4, 1993, the appellant turned his vehicle into the oncoming lane of traffic. When Kerri Duke swerved her vehicle in order to avoid being hit by the appellant, she had a head-on collision with another car. She died of massive head injuries suffered in the accident. The appellant did not stop his vehicle. A witness to the accident followed the appellant's truck a short distance. The appellant slowed his vehicle, which enabled the witness to get the tag number from the appellant's truck. The witness then returned to the scene of the accident and gave the tag number to the police. The appellant drove away.
The truck driven by the appellant was owned by his employer, Hopper's Construction Company. The appellant admitted that he was driving the truck the night the accident occurred, but he denied being at the accident scene.
The convictions for vehicular homicide and leaving the scene of an accident resulted from the appellant's second trial for the charged offenses — the first trial resulted in a mistrial. The appellant contends that in the first trial, the trial court erred in declaring a mistrial on the offense of leaving the scene of an accident and that, therefore, double jeopardy principles barred his retrial for that offense.[1] The appellant preserved this assertion by filing a motion to dismiss the count of the indictment charging him with leaving the scene of an accident. (C.R. 54-57.) The motion to dismiss was denied by the trial court before the second trial.
The record reflects that in the first trial, the trial court charged the jury as follows on the offense of failure to render aid:
 "A person commits the crime of failure to give information required and render aid if, after being involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven, he does not first give his name, address and the registration number of his vehicle or the vehicle he is driving; second, exhibit his driver's license upon request to the person struck or the driver or occupant of any motor vehicle collided with or damaged; and third, does not render to any person injured in such accident reasonable assistance, including the transportation of or the making of arrangements for transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person. *Page 60 
 "To convict, the State must prove beyond a reasonable doubt each of the following elements of failure to give information required and render aid: (1) that the defendant, Roderick Tribble, was involved in an accident resulting in an injury to or the death of any person or damage to any vehicle which is driven by any person; (2) that the defendant, Roderick Tribble, did not give his name, address or registration number of a vehicle that he was driving at the time of the accident; (3) that the defendant, Roderick Tribble, did not render to any person injured in the accident reasonable assistance, including transportation of or the making of arrangements for transportation of such person to a physician or hospital for medical or surgical treatment if it was apparent to a reasonable person that such treatment was necessary. If you find from the evidence that the State has proved beyond a reasonable doubt each of those elements of the offense of failure to give required information and render aid as charged, then you shall find the defendant guilty of failure to give required information and to render aid. If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of failure to give required information and render aid, then you cannot find the defendant guilty of failure to give required information and render aid."
(R. 66-69.)
The trial court also charged the jury that it could "find the defendant not guilty on both counts, guilty on both counts, or guilty of one and not guilty of the other." (C.R. 74.)
At the conclusion of the court's charge, the state objected to the trial court's charge on failure to render aid. The following exchange then occurred:
 "[Prosecutor]: . . . [I]n reference to failure to render aid or give information; it's my understanding, and I may have misunderstood in the charging conference, but I thought that was an and/or type of qualification with three different circumstances that you don't do. Any one of those is sufficient, and I believe you said `and' after the individual sections."
 "THE COURT: Well, in this case, is that critical? If it was, in fact, the defendant driving that vehicle, he didn't do any of them.
". . . .
 "THE COURT: I mean, it's semantics. I don't think there is any possible way they could find him to be the driver and having complied with one of these and not the other"
 "MR. LAMB [prosecutor]: Judge, out of an abundance of caution, we would ask that you reinstruct and use `or' instead of `and.'
". . . .
 "THE COURT: I'm going to overrule on your request, Mr. Lamb. I don't think it's critical in this case. I think once they make the determination if it was or was not the defendant driving the vehicle in question, it is going to [be] immaterial. As I'm reading this, I don't think what I gave them would create any confusion and I don't see any good that would be gained from that. . . ."
(C.R. 78-81.)
After approximately eight hours of jury deliberation, the following occurred:
 "THE COURT: . . . We have a note that indicates they are basically deadlocked. It's an unusual note, in that they actually have given where they stand; 5 and 7 in the vehicular homicide, and in the failure to render aid they indicate right now they are 12 and 0 not *Page 61 
guilty. I really am not inclined to bifurcate these cases. I think they are so closely intertwined that if I mistry one, I'm going to mistry both of them. They have not actually rendered a verdict and I'm about to bring the jury back in. I'll hear from both sides before I do that.
 "MR. LAMB [prosecutor]: Judge, it appears appropriate that you need to declare a mistrial in this case. I would point out that we excepted to the charge of failure to render aid at the time it was given. Of course, under the facts of this case, I think Your Honor thought it would be impossible to find guilty of one without finding guilty of the other based on the facts.
 "THE COURT: I still think that. I'm baffled by this note, to be frank with you.
 "MR. LAMB: Judge, I just point that out because I think perhaps they misunderstood the failure to render aid. At this point I think it would be useless to try to correct their misunderstanding of what the law in that regard would be; and we would certainly ask for a mistrial in this case.
 "THE COURT: Mr. Totten, I'll give you the floor. What are your thoughts on it?
 "MR. TOTTEN [defense counsel]: Judge, on behalf of Mr. Tribble, I would point out to the Court that the verdicts — I don't think that they are — the note, I don't think, indicates an inconsistent way of thinking on behalf of the jury. I think in this case an acceptable result could have been reached and was indicated so by the Court when it instructed the jury that it could have two guilty verdicts, two not guilty verdicts or a guilty verdict and a not guilty verdict. My thoughts are, Your Honor, and I urge the Court and object — I must object formally, Your Honor, to the declaring of a mistrial by Your Honor on the count charging failure to render aid or giving of information, because in my judgment, the declaration by the jury indicates that it has reached a unanimous verdict on that count. I would urge the Court to allow the jury to render a formal verdict on the form of that count and I have no objection to the mistrial on the count charging vehicular homicide.
 "THE COURT: I'll note your objection, but I'm going to overrule it. That is a general statement; every time I have two-count indictments, I say that basically, or words to that effect. I can see where you could have that result in a 12-0 not guilty vote in the vehicle homicide, but it's inconceivable to me and inconsistent that you could have five people vote guilty in the vehicular homicide and none of them vote guilty in failure to give required information or render aid. I understand the defendant denies or has indirectly denied in statements being there or being the party. The issue is not whether or not he gave his driver's license or offered to take anybody to the hospital. The issue is whether or not it was him and whether or not he was there at the time. If he was there, if these numbers were reversed in terms of counts, not vote counts but in terms of the counts of the indictment, I would be inclined to go along with you, Mr. Totten, but I'm not. I'm going to declare a mistrial on both counts.
 "MR. LAMB: Judge, in case this is taken up on appeal at a later time, we would like to point out that the reasoning Your Honor gave for not changing the jury charge on failure to render aid was that under the facts of this case, it should be immaterial. There was a minor *Page 62 
error on that; it was `and' instead of `or.'
 "THE COURT: If I try this case again, which I probably will, I'm going to look at that a little more closely, Mr. Totten. Those may be alternative counts. The three basic elements of failure to render aid could have been any one of those three. Like I said at the time I gave that charge, it was immaterial because to me the key issue is was it your client, and if it was, he did none of those or any of those. I couldn't see that would be — I didn't want to bring them back at that time and create more confusion than I solved. That's why I didn't bring them back, but I understand what you're saying, Mr. Lamb, and I'll look at that more closely. I'm still not sure the way I gave the charge is improper, but I stand to be corrected and I'll look at it more closely.
 "MR. LAMB: Judge, we do agree with you under your assessment of the facts that it should have been immaterial under the facts, but in this case apparently it might not have been."
(C.R. 87-93.) The trial court then declared a mistrial on both counts.
As noted above, the appellant contends that the trial court erred in declaring a mistrial on the count charging failure to render aid; therefore, he claims, double jeopardy principles barred his retrial for that offense. In support of this assertion, he argues that "the jury had indicated unmistakably that they had acquitted the Appellant on one count, that of failure to aid. The trial court decided that they were `deadlocked and confused' . . . . [y]et the court determined this without asking a single question of any juror." (Appellant's brief, p. 9.)
Section 12-16-233, Code of Alabama 1975, provides:
 "The court or presiding judge in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated. In all cases in which the jury is discharged without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial, and no person shall gain any advantage by reason of such discharge of the jury."
The granting of a mistrial lies within a trial court's discretion and will not be reversed on appeal, absent an abuse of that discretion. Grimsley v. State, 678 So.2d 1197, 1206 (Ala.Cr.App. 1996).
 "`The "prototypical example" of a case meeting the "manifest necessity" standard . . . is the hung jury.' Ex Parte Anderson, 457 So.2d 446, 448 (Ala. 1984). `[T]he mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict . . . [is] the classic basis for a proper mistrial.' Arizona v. Washington, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). A mistrial, declared after a trial judge has determined that the jury cannot agree upon a verdict, does not terminate the original jeopardy to which the defendant was subjected. Richardson v. United States, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Thus, a defendant's retrial following a hung jury does not constitute double jeopardy under the Alabama or United States Constitutions."
McKinney v. State, 567 So.2d 870, 874, (Ala.Cr.App.), cert. denied,567 So.2d 877 (Ala. 1990). See, also, Rule 22.3(a)(2), Ala.R.Crim.P. ("[t]he court shall discharge the *Page 63 
jurors when upon expiration of such reasonable time as the court deems proper, it appears that there is no reasonable expectation that the jurors will be able to agree upon a verdict").
We cannot say that the trial court abused its discretion in declaring a mistrial on both counts. After approximately eight hours of deliberation, the jury indicated that it was deadlocked on the count charging vehicular homicide. The jury further indicated that it had unanimously agreed to acquit the appellant of the failure-to-render-aid count. In spite of the appellant's urging, we do not consider the jury's tentative vote included within its note to the trial court to be an official verdict acquitting the appellant of the count charging failure to render aid. See Rule 23.1(a), Ala.R.Crim.P., ("[t]he verdict of the jury shall be unanimous, shall be in writing, signed by the foreman, and shall be returned in open court"). The trial court determined that the jury was confused and that further instructions or deliberations would not aid the jury in reaching a verdict; therefore, it declared a mistrial. The appellant alleges that the trial court reached this conclusion arbitrarily, without questioning the jurors; however, the appellant did not request further instructions or ask that the jurors be questioned regarding their apparent confusion. "A party cannot assume inconsistent positions at trial and on appeal, and a party cannot allege as error proceedings in the trial court that were invited by him or [that] were a natural consequence of his own actions." Fountain v. State, 586 So.2d 277, 282 (Ala.Cr.App. 1991).
The trial court's conclusion that the jury was confused was certainly reasonable. Under the facts of this case, the jury could not logically acquit the appellant of the charge of failing to render aid, but find him guilty of vehicular homicide. If the appellant was the driver of the vehicle that caused the accident, then the undisputed evidence established that he left the scene of the accident without providing any information or rendering any aid, as required by § 32-10-2, Code of Alabama 1975. The appellant argued in his motion to dismiss that the jury could have found that he was guilty of vehicular homicide, but that he was not guilty of failing to render aid because he might not have been aware that he caused the accident. We believe that this is a tortured interpretation of the facts, especially in light of the fact that the appellant maintained that he was not even at the scene.
Given the fact that the jury had already revealed its position in its note to the trial court, there was a very real danger that any encouragement to continue deliberations or any questions posed to the jurors might have improperly suggested to the jurors that they had reached the wrong conclusion. A trial court may urge a jury to reach a verdict, but it may not suggest a verdict. Freeman v. State, 659 So.2d 158,160 (Ala.Cr.App. 1994).
In conclusion, the jury indicated after extensive deliberations that it was deadlocked as to one of the counts. The trial court concluded that further deliberations would be futile. The trial court further determined that the counts were so intertwined that the ends of justice would not permit a mistrial as to one count but not the other, so it declared a mistrial on both counts.
 "In Ex Parte Anderson, 457 So.2d 435
(Ala.Crim.App.), aff'd, 457 So.2d 446 (Ala. 1984), this court, quoting Arizona v. Washington, 434 U.S. at 509-10, 98 S. Ct. at 832, stated:
 "`[T]here are especially compelling reasons for allowing the trial judge to exercise broad discretion in deciding whether or not "manifest necessity" justifies a discharge of the jury. On the one hand, if he discharges the jury *Page 64 
when further deliberations may produce a fair verdict, the defendant is deprived of his "valued right to have his trial completed by a particular tribunal." But if he fails to discharge a jury which is unable to reach a verdict after protracted and exhausting deliberations, there exists a significant risk that a verdict may result from pressures inherent in the situation rather than the considered judgment of all the jurors. If retrial of the defendant were barred whenever an appellate court views the "necessity" for a mistrial differently from the trial judge, there would be a danger that the latter, cognizant of the serious societal consequences of an erroneous ruling, would employ coercive means to break the apparent deadlock. Such a rule would frustrate the public interest in just judgments. The trial judge's decision to declare a mistrial when he considers the jury deadlocked is therefore accorded great deference by a reviewing court.'"
McKinney, 567 So.2d at 875-76.
The appellant has failed to establish that the trial court abused its discretion in declaring a mistrial on both counts. Accordingly, a second trial for both counts did not violate the protections against double jeopardy. McKinney, 567 So.2d at 876. The trial court properly denied the appellant's motion to dismiss.
For the reasons set forth above, the judgment of the trial court is affirmed.
AFFIRMED.
Long, P.J., and McMillan, J., concur. Cobb and Baschab, JJ., concur in part and dissent in part.
[1] He does not allege that the trial court's declaring a mistrial on the offense of vehicular homicide was improper.