We granted Roderick Tribble's petition for a writ of certiorari to review the aspect of the decision of the Court of Criminal Appeals affirming his conviction for leaving the scene of an accident. He did not seek certiorari review of the affirmance of his conviction for vehicular homicide, a charge tried jointly with the charge of leaving the scene. The issue before us is whether the trial judge erred in denying Tribble's motion to dismiss the leaving-the-scene charge on the ground of double jeopardy after the trial judge had previously declared a mistrial of both charges *Page 71 
over the defendant's objection to mistrying the leaving-the-scene charge. We reverse and remand as to the one conviction before us.
Roderick Tribble was indicted for vehicular homicide in violation of § 32-5A-192, Ala. Code 1975, and for failure to give information and to render aid (also called "leaving the scene of an accident") in violation of § 32-10-2, Ala. Code 1975. Tribble's first jury trial began on April 23, 1997. After lunch the following day, the trial judge charged the jury. During the trial judge's oral charge, he instructed the jury:
 "I'll tell you that you can find the defendant not guilty on both counts, guilty on both counts, or guilty of one and not guilty of the other."
(R. 74.) After approximately eight hours of deliberation, the jury sent the trial judge a note indicating that the jury was deadlocked on the vehicular-homicide charge. The trial judge informed the parties that the note showed a five to seven not-guilty vote on the vehicular-homicide charge, and a 12 to zero not-guilty vote on the leaving-the-scene charge. At that time the trial judge expressed his concern about declaring a mistrial:
 "I really am not inclined to bifurcate these cases. I think they are so closely intertwined that if I mistry one, I'm going to mistry both of them. They have not actually rendered a verdict and I'm about to bring the jury back in."
(R. 88.) Before the jury returned, defense counsel objected to a mistrial on the leaving-the-scene charge. Defense counsel urged the trial judge to allow the jury to render a formal verdict on that charge alone. Defense counsel did not object to a mistrial on the vehicular-homicide charge. (R. 90.) The trial judge, however, declared a mistrial on both charges.
Before Tribble's second jury trial on both charges, defense counsel moved to dismiss the charge of leaving the scene on the ground that the retrial violated Tribble's constitutional guarantee against double jeopardy. The trial judge denied the motion, and, on December 2, 1997, began Tribble's second jury trial. The second jury found Tribble guilty of both vehicular homicide and leaving the scene.
The trial court adjudged Tribble guilty of both charges and sentenced him to 5 years' imprisonment for his conviction for vehicular homicide and to 10 years' imprisonment for his conviction for leaving the scene. The trial court ordered Tribble's sentences to run consecutively. Upon Tribble's appeal, the Court of Criminal Appeals affirmed his convictions and sentences. Tribble v. State, 783 So.2d 58 (Ala.Crim.App. 1998).[1]
In affirming the trial court's decision, the Court of Criminal Appeals held that the jury's "tentative vote" in its note to the trial court did not constitute an "official verdict acquitting [Tribble] of the count charging failure to render aid [(leaving the scene)]" because the "tentative vote" did not comply with Rule 23.1(a), Ala.R.Crim.P., which requires that "[t]he verdict of the jury shall be unanimous, shall be in writing, signed by the foreman, and shall be returned in open court." 783 So.2d at 63. In a well-reasoned dissent, Judge Cobb opined that the majority's application of Rule 23.1(a) resulted in a violation of Tribble's constitutional protection against multiple prosecutions for the same offense. We agree. *Page 72 
The Fifth Amendment protects a defendant against a second prosecution for the same offense after an acquittal. NorthCarolina v. Pearce, 395 U.S. 711 (1969). See also Art. I, § 9, Alabama Constitution 1901 (protecting a defendant's right against double jeopardy). Jeopardy attaches in a jury trial when the jury is empaneled and sworn. Illinois v. Somerville, 410 U.S. 458
(1973); Anthony v. State, 49 Ala. App. 462, 273 So.2d 222 (1972). Once jeopardy attaches, retrial of a defendant after a mistrial is barred unless the trial court declared the mistrial because of "manifest necessity." United States v. Perez, 22 U.S. 579, 580
(1824). Further, for the trial court to declare a mistrial, a "high degree of manifest necessity" must be demonstrated.Wadsworth v. State, 439 So.2d 790, 792 (Ala.Crim.App. 1983),cert. denied, 466 U.S. 930 (1984). That a jury is "hopelessly deadlocked" constitutes a "manifest necessity" for a mistrial.Perez, 22 U.S. at 580; Arizona v. Washington, 434 U.S. 497, 509
(1978); and Ex parte Anderson, 457 So.2d 446, 448 (Ala. 1984). However, a mistrial should be granted only as a last resort "where it is apparent that justice cannot be afforded" otherwise.Garrett v. State, 580 So.2d 58, 60 (Ala.Crim.App. 1991); Dixonv. State, 476 So.2d 1236, 1240 (Ala.Crim.App. 1985).
Section 12-16-233, Ala. Code 1975, provides:
 "The court or presiding judge in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated. In all cases in which the jury is discharged without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial, and no person shall gain any advantage by reason of such discharge of the jury." (Emphasis added.)
See also Rule 22.3 ("The court shall discharge the jury when . . . there is no reasonable expectation that the jurors will be able to agree upon a verdict [or] [a] manifest necessity exists for their discharge.")
Although Alabama courts have not addressed the issue currently before this Court, the Superior Court of Pennsylvania has previously addressed this issue in a case with similar facts.See Commonwealth v. McCord, 700 A.2d 938 (Pa.Super.Ct. 1997). In McCord, the jury informed the trial court that, while it was deadlocked on the charges of recklessly endangering another person and recklessly endangering the welfare of a child, it had reached a decision on the charge of aggravated assault. The trial court declared a mistrial on all charges. The defendant subsequently moved for a dismissal of all charges on double jeopardy grounds. The trial court denied the motion. The Superior Court of Pennsylvania, however, held that double jeopardy barred the retrial of the defendant on the charge of aggravated assault and on its lesser included offense of recklessly endangering another person, but did not bar the retrial of the defendant on the charge of recklessly endangering the welfare of a child. McCord, 700 A.2d at 939. In reaching its decision, that court reasoned:
 "Pa.R.Crim.P. 1120(d) is permissive with respect to the jury's duty [to report a verdict] — `the jury may report a verdict or verdicts with respect to those counts upon which it has agreed.' Presently, the jury expressly informed the court *Page 73 
that it had reached a verdict on the aggravated assault charge. Consequently, it was the trial judge's duty under Pa.R.Crim.P. 1120(d) to receive and record the verdict. Once the jury has advised the court it has reached a verdict, `the judge shall receive and record all such verdicts.' Pa.R.Crim.P. 1120(d). The Commonwealth and the lower court assert that the judge has no such duty. However, . . . a judge's failure to receive and record a jury's verdict (when the jury has informed the court that it has reached a verdict as to one or more of multiple charges) results in an improperly granted mistrial or, in other words, a violation of the court's duty.[3]
". . . .
 "[3]. . . [W]e reject the Commonwealth's suggestion that the jury's note to the judge which specifically indicated, `We are decided on the first charge but deadlocked on the second and third[,]' did not amount to a `report' of a verdict by the jury. Once again, the Commonwealth's reasoning ignores the usual situation where the jury reports it has reached a verdict, whereupon the court simply summons the jury into the courtroom and inquires whether the verdict is guilty or not guilty." (Emphasis in original omitted.)
(Emphasis added.)
McCord, 700 A.2d at 942.
Like the jury in McCord, the jury in the case before us gave the trial judge a note indicating that the jurors had voted 12 to zero to acquit on the charge of leaving the scene. Because the jury had reached an unanimous decision on that charge, no "manifest necessity" existed for the trial judge to declare a mistrial on the charge. Regardless of the trial judge's belated opinion that the two charges were "so closely intertwined," the jury correctly followed the trial judge's instruction that it could find Tribble not guilty of one charge without finding him guilty of the other.
Furthermore, a unanimous finding of not guilty on the leaving-the-scene charge is not inconsistent with an inability to decide the vehicular-homicide charge. The jurors unanimously could have entertained a reasonable doubt about one of the essential elements of leaving the scene not common to vehicular homicide.
In any event, for all intents and purposes, the jury returned an unanimous not-guilty verdict on the charge of leaving the scene. Although the jury's verdict did not strictly comply with Rule 23.1(a), such noncompliance did not invalidate the verdict for double jeopardy purposes, inasmuch as the very same notice to the trial judge from the jury about its vote on the leaving-the-scene charge in this case would, under common practice in our trial courts, prompt a judge trying that charge alone to instruct the jury to complete the verdict form and to return to the courtroom for the verdict to be taken.
Therefore, the trial court erred in denying the defendant's motion to dismiss the charge of leaving the scene. Consequently, we reverse that aspect of the judgment of the Court of Criminal Appeals affirming the defendant's conviction and sentence for leaving the scene. We remand this cause to the Court of Criminal Appeals for that court to remand to the trial court with instructions to vacate the defendant's conviction for leaving the scene and to enter a judgment of acquittal on that charge.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, and ENGLAND, JJ., concur.
BROWN, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.
[1] The Court of Criminal Appeals also overruled Tribble's application for rehearing and denied his Rule 39(k), Ala.R.App.P., motion for additional facts. *Page 74