SHAW, Judge,
concurring in the result.
I concur in the result reached by the majority. I note that because James McClendon was never in jeopardy for purposes of a double-jeopardy analysis, see, e.g., Ex parte Tribble, 783 So.2d 69 (Ala.2000) (jeopardy attaches in a jury trial only after the jury is empaneled and sworn), neither Ex parte Allred, 393 So.2d 1030 (Ala.1980), nor Ex parte Airhart, 477 So.2d 979 (Ala.1985), is applicable here. See, e.g., State v. Randall, 669 So.2d 223 (Ala.Crim.App.1995) (noting that jeopardy did not attach when the indictment was dismissed pretrial and that reprosecution on a dismissed indictment does not violate double-jeopardy principles so long as the factual elements of the dismissed charge *1207 have not been resolved). I also note, as does the majority, that the record does not indicate that in dismissing the first indictment the trial court intended its order to be a final disposition of the case. Therefore, it does not appear to me that State v. McNeill, 716 So.2d 250 (Ala.Crim.App.1998), is controlling.